[Civ. No. 11455. First Appellate District, Division Two.—June 25, 1940.]

J. C. MEYERS et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and JAMES D. TITSWORTH, Respondents.

Horace W. B. Smith for Petitioners.

R. P. Wisecarver, as *Amicus Curiae,* on Behalf of Petitioners.

Everett A. Corten and Dan Murphy, Jr., for Respondent Industrial Accident Commission.

STURTEVANT, J.—Petitioners have applied for a writ of review seeking to have an award heretofore made by the respondent commission amended. The findings and the award involved as follows:

"FINDINGS OF FACT.

"1. James D. Titsworth, aged 27, while employed as a laborer on July 21, 1939, at Westley, California, by J. C. Meyers, sustained injury occurring in the course of and arising out of his employment, consisting of an injury to his left foot and ankle. At said time said employer's insurance carrier was U. S. Fidelity & Guaranty Company, and both the employer and employee were subject to the provisions of the Workmen's Compensation, Insurance and Safety Laws of the State of California.

"2. Said injury caused temporary total disability, continuing from July 21, 1939, to and including November 17, 1939, entitling the employee to $15.44 a week during said time, exclusive of the waiting period of seven days. The foregoing

weekly benefit is based on wages of $25.00 a week. Said injury caused temporary partial disability beginning November 18, 1939, and continuing indefinitely, during which time work of a type which the employee could perform has not been available to him, and therefore said employee is entitled to further disability indemnity at the rate of $15.44 a week beginning November 18, 1939, and continuing indefinitely. The carrier is entitled to a credit in the sum of $26.46 on account of compensation heretofore paid.

"3. The employee is entitled to his reasonable medical expenses obtained subsequent to August 9, 1939, which will be fixed by this Commission subsequently upon request and the filing of itemized bills in the event the parties are unable to adjust the same out of court.

"4. Applicant's attorneys are entitled to a lien against unpaid compensation for the reasonable value of their services in the sum of $35.00.

"AWARD.

"Award is hereby made in favor of James D. Titsworth against U. S. Fidelity & Guaranty Company of the sum of $15.44 a week beginning July 29, 1939, until the termination of disability or further order of this Commission less the sum of $26.46 heretofore paid on account of compensation, and less $35.00 payable to Cleary and Zeff, as attorneys' fees."

James D. Titsworth while employed as a laborer in doing some carpenter work was injured. The injury occurred when he and others employed at the work were attempting to put the side of a cabin in place. The structure slipped and injured his left foot and ankle. Both at the time of the accident and prior thereto he had been engaged as .a laborer doing any kind of labor in which he could find employment. The injury was such as to cause him to remain off of the foot at times, at other times to walk with crutches, and at still other times to walk with difficulty. There was evidence introduced that the disability was fifty per cent. No evidence was introduced that it was possible for a person so crippled to obtain any kind of employment nor was there any evidence that after the injury Titsworth was employed in any capacity whatsoever.

The petitioners contend that as a matter of law temporary partial disability carries with it legal inference that the employee is able to compete in an open labor market. They fur-

ther contend that the finding of the commission infers that said employee is physically able to work and there is no finding or inference that work is not available to him of the type he can perform because of his injury. Finally the petitioners contend that the compensation law insures only against incapacity for work and not against lack of opportunity to work. That final contention is the gravamen of this application.

The respondents reply by stating that with the final contention of the petitioners they fully agree. Continuing they assert that the findings and award are not subject to the other attacks made by the petitioners and when read as a whole are unobjectionable.

We think the foregoing reply is entirely sufficient. The foregoing record does not show on its face that the petitioners have been held as on a contract tantamount to a policy of unemployment insurance.

There is a direct finding that " . . . work of a type which the employee could perform has not been available to him . . . " Bearing in mind that he is a common laborer, that under the facts he is practically one legged, that there is no evidence regarding vacant jobs for such employees, it may not be said that said finding is not sustained by the evidence. It further follows that it may not properly be said that there " . . . is no finding or inference that work is not available to him of the type he can perform because of his injury."

As recited above the petitioners contend that as a matter of law temporary partial disability carries with it legal inference that the employee is able to compete in an open labor market. That contention is too broad. As presented there is no such inference. Each case must rest upon its own facts. He who would rely on the inference as claimed should present a record supporting the inference. The record in the present case does not do so. As to what inference will arise depends on many factors including the specific injury, the extent thereof, and the tendency to heal or otherwise. For instance one can readily state a supposititious case in which a person suffers temporary partial disability which would not prevent him from doing his ordinary work. Again in another case temporary partial disability may be of such a nature as to render one a nondescript. Such, as we read the findings, the respondent commission found in the instant

case. The general rule we believe was stated and followed in *White* v. *Tennessee Consolidated Coal Co.*, 162 Tenn. 380 [36 S. W. (2d) 902]. Commencing on page 904, the Supreme Court of Tennessee stated and quoted as follows: "The authorities draw a distinction between cases in which it appears that the injured employee can do light work of a general nature and where he is only fitted to do 'odd' jobs, or special work, not generally available. In the former, the burden is on the petitioner; the presumption being that his inability to obtain employment is due to the fluctuations in the labor market and not to the consequences of the accident. In the latter, the burden is on the employer to show that such special work is available to the petitioner. The rule is admirably stated by Judge Moulton in *Cardiff Corp.* v. *Hall*, (1911) 1 K. B. 1009, as follows: 'But, on the other hand, I am also of the opinion that there are cases in which the *onus* of showing that suitable work can in fact be obtained does fall upon the employer who claims that the incapacity of the workman is only partial. If the accident has left the workman so injured that he is incapable of becoming an ordinary workman of average capacity in any well-known branch of the labor market—if, in other words, the capacities for work left to him fit him only for special uses, and do not, so to speak, make his powers of labor a merchantable article in some of the well-known lines of the labor market,—I think it is incumbent on the employer to show that such special employment can, in fact, be obtained by him. If I might be allowed to use such an undignified phrase, I should say that if the accident leaves the workman's labor in the position of an "odd lot" in the labor market, the employer must show that a customer can be found who will take it.' " So in the instant case. If there were any "odd lots" of employment available to Titsworth the employer should have shown the facts.

In the briefs the petitioners cite and rely on sections 4654 and 4657 of the Labor Code. After having carefully read the record we find no place in which the defendant commission failed to carefully follow the procedure delineated in those sections.

The award under attack is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 22, 1940. Edmonds, J., and Houser, J., voted for a hearing.