[Civ. No. 12257. First Dist., Div. Two. Sept. 29, 1942.]

BETHLEHEM STEEL COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and HARVEY LEMONS, Respondents.

R. P. Wisecarver for Petitioner.

Everett A. Corten and J. Gould for Respondents.

NOURSE, P. J.—Petitioner seeks to annul an award of compensation for injuries claimed for exacerbation of a pre-existing hernia condition, and to annul a separate award for weekly compensation for an indefinite period.

On December 15, 1941, one Lemons was employed by petitioner as a shipfitter's helper following a physical examination which disclosed incipient hernias on both sides. On January 6, 1942, the employee left his place of employment in the hold of a ship and as he passed through a man-hole to reach the deck he claimed to have suffered pain. He was given an immediate examination by a reputable physician, who testified that his condition was the same as when first employed. On March 9, 1942, following another examination, the hernia was surgically treated.

The evidence upon which the award of compensation was based was in direct conflict. The applicant was his own

witness and gave testimony which was controverted by the expert testimony of the physician who was in regular attendance upon the patient. The commission elected to accept the testimony of the applicant, and that puts an end to the controversy here.

As to the award of indefinite weekly compensation for unemployment there is no conflict. The undisputed evidence shows that the applicant was physically able to perform the light work of a shipfitter's helper, which was his usual occupation. The applicant testified that he was able and ready to go back to work at the time of the hearing. The award seems to be based upon the theory that there was no direct evidence that a specific job was open to him, and that the burden of such showing was upon the employer.

The respondents suggest that the "odd lot" doctrine might be followed to sustain this position of the award. This doctrine is not applicable here because it rests upon a showing that the injured employee is only fitted to do odd jobs, or special work, not generally available. Where, as here, the injured employee is fully recovered from his injury and is able to do work of a general nature of the same kind in which he had been habitually employed there is no room for the doctrine which the courts have established for the benefit of those whose injuries have left them physically handicapped and unable to continue in their customary employment. But it is not the purpose of the Workmen's Compensation Act to provide general insurance or compensation for those who are unemployed through no fault of their own. Such benefits are paid under the Unemployment Insurance Act. (Deering's Gen. Laws, Act No. 8780d.)

Here the applicant testified that he was able to return to work on April 27, 1942, when the hearing was held. The physician who had treated him discharged him on April 20th as fully recovered. The award of compensation for unemployment was made to run from April 28th, and indefinitely thereafter. This portion of the award is not fairly defendable on any theory. The case is closely alike *Witt's Dairy* v. *Industrial Acc. Com.*, 37 Cal. App. (2d) 16, 20 [98 P. (2d) 812], where, in annulling a similar award, the court said: "In the last analysis the case presents the bald question whether this employee was physically able, on May 22, 1939, to return to the same kind of work he had performed before he was injured. It does not present the question sometimes encountered—and discussed in respondents' brief—whether

an injured employee has recovered to such an extent that he can do other work, less onerous than that which formerly he was able to do, and actually locates himself in such other job. There seems to be a rule covering such cases (see *Schneider, supra,* [Workmen's Compensation Law, 2d ed.] pp. 1344, 1345), but these facts do not call it into play. If, in the instant case, the employee was, in fact, physically able to resume his former job, then his temporary total disability would have ended, physically and legally, and in such case there would be no legal justification for holding—contrary to the fact—that it had *not* ended. The unfortunate circumstance that the job was not open certainly would not prove that he was not physically able to fill it, but simply that there was no job to be filled.''

The portion of the award giving compensation for the unemployed period subsequent to April 27, 1942, is annulled. Otherwise the award is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing was denied October 29, 1942, and petitioner's application for a hearing by the Supreme Court was denied November 27, 1942.