[L. A. No. 25397.   In Bank.   June 26, 1959.]

PACIFIC EMPLOYERS INSURANCE COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and TOM L. STROER, Respondents.

418

Clopton & Penny and Robert C. Wreisner for Petitioner.

Everett A. Corten, Edward A. Sarkisian, Levy, Russell, DeRoy & Geffner and Abe F. Levy for Respondents.

Charles P. Scully, Lowell A. Airola and Victor Van Bourg as Amici Curiae on behalf of Respondents.

PETERS, J.—By this proceeding petitioner insurance carrier seeks an annulment of an award of maximum temporary partial disability benefits to respondent Tom L. Stroer.

The facts are not substantially in dispute. On July 29, 1957, Stroer, employed as a carpenter, sustained an admitted industrial injury to his back. The employer's insurance carrier, the petitioner, voluntarily furnished medical care, and paid compensation, until February 17, 1958. No challenge is made as to such payments and cost of such care.

On February 17, 1958, the temporary disability payments were terminated on the recommendation of the insurance carrier's doctor that Stroer was no longer totally disabled and should return to work. Stroer was unable to find appropriate work until July 7, 1958. The commission awarded Stroer maximum temporary partial disability payments for the period February 17, 1958, through July 6, 1958. The insurance carrier challenges that award.

Stroer testified before the commission that during the period in question he was unable to do "rough" carpentering, his regular job, but could have worked as a "finish" carpenter, which was work of a lighter nature; that on February 18, 1958, he registered at his union hiring hall for work as a finish carpenter; that he reported to the hall almost daily; that he would have accepted finish carpenter work had it been available; that no such work was offered to him because none was available. Stroer also produced the report of a doctor who had examined him on April 7, 1958. That report pointed out that, because of the industrial injury which had necessitated an operation, Stroer's back was still weak; that he recommended that Stroer wear a back support and should refrain from lifting any weight over 25 pounds, and that he should also avoid any work that required the employee to change his position frequently, or to crouch or stoop. Walking, according to the report, should be avoided.

The commission found that the industrial injury "caused temporary partial disability beginning February 17, 1958, to and including July 6, 1958, during which time work of a type which the applicant could perform was not available to him, entitling him to $40.00 per week during said time, based on maximum earnings."

In denying a petition for reconsideration a commission panel stated in its report and order that there was substantial evidence that until July 7, 1958, it was inadvisable for Stroer to engage in any of the activities that his doctor had recommended that he avoid, and that, for that reason there was no point in granting reconsideration "to either find that appli-

cant, as a temporarily partially disabled person, was an odd lot on the labor market or to find that for all practical purposes he was totally disabled during the period in question. In our opinion, the applicant was substantially disabled during this period, . . . and that he was without any significant earning capacity because of his disability during said time."

The insurance carrier does not complain of the finding that during the period in question the employee was temporarily partially disabled. Its major contention is that the commission, under section 4657 of the Labor Code, was required to make specific findings as to the "probable earnings" of the employee or as to "the proportionate loss of physical ability or earning power caused by the injury." It is contended that such express findings were not made, and that, for this reason, the award must be annulled.

■ Section 4657 provides: "In case of temporary partial disability the weekly loss in wages shall consist of the difference between the average weekly earnings of the injured employee and the weekly amount which the injured employee will probably be able to earn during the disability, to be determined in view of the nature and extent of the injury. In computing such probable earnings, due regard shall be given to the ability of the injured employee to compete in an open labor market. If evidence of exact loss of earnings is lacking, such weekly loss in wages may be computed from the proportionate loss of physical ability or earning power caused by the injury."

It is clear that this section does not require specific findings in all cases involving temporary partial disability. The section simply contains general instructions to the commission as to how "wage loss" shall be computed. Where the evidence, as here, reasonably supports the conclusion that the partial temporary disability accounts for a total wage loss, the finding as to the wages lost is the only ultimate fact that needs to be found. Specific findings relating to each factor set forth in the code section are not then required.

■ There can be no doubt that section 4657 makes it quite clear that in cases of temporary partial disability the employee is expected to be willing to earn such wages as he is able considering his injury, and that if some other ascertainable cause other than the injury substantially contributes to his inability to earn wages, such separate cause must be separately evaluated, and only the proportion chargeable to the industrial injury allowed as compensation. In such a

case specific findings are required. But where, as here, it appears that no other separate cause contributed to the employee's inability to earn wages during the period he was temporarily partially disabled, the wage loss is obviously 100 per cent, and that is the only ultimate fact that need be found. There can be no question but that, in such a case, keeping in mind the fact that the employee is entitled, of course, to full compensation, the award must be the same as would have been payable for total temporary disability. This is so because, in such a case, the entire wage loss is caused by the industrial injury. This was the holding in *Meyers* v. *Industrial Acc. Com.*, 39 Cal.App.2d 665, 667 [103 P.2d 1025]. (See also *Transport Indem. Co.* v. *Industrial Acc. Com.*, 157 Cal.App. 2d 542 [321 P.2d 21].) The panel's report, in denying reconsideration, referred to this last cited case, and stated that "for all practical purposes he was totally disabled during the period in question . . . the applicant . . . was without any significant earning capacity because of his disability during said time."

The insurance carrier contends, however, that the case of *California Comp. Ins. Co.* v. *Industrial Acc. Com.*, 128 Cal. App.2d 797 [276 P.2d 148, 277 P.2d 442], held that specific findings on the criteria mentioned in section 4657 are required in all cases of temporary partial disability awards. In that case the court was primarily concerned with the legal effect to be given to the fact that a partially disabled employee had received unemployment compensation disability benefits for the identical period of disability for which he had received compensation.[1] The commission had allowed the employee full compensation for this period. The award was annulled. After disposing of the main point involved, the court went on to discuss the form and sufficiency of the findings required by the section. The court stated (p. 813) that the evidence "was not such as to necessarily require a finding that Moore's disability was of a type which rendered him unable to compete in the open market," and then held (p. 813) that the

---

[1]The insurance carrier contends that this same issue is involved in the instant case. It is urged that, although Stroer did not in fact seek unemployment benefits, he was entitled to the same, and thus might have received double compensation. We are not concerned with what might have happened. We are concerned only with what did happen. What did happen, according to the supported findings of the commission, is that Stroer, because of an industrial injury and although only partially disabled, suffered a total wage loss. He is entitled to compensation for that wage loss.

"commission should have made appropriate findings of fact as to whether Moore was an 'odd-lot,' and if not, as to what earnings were reasonably to be anticipated by Moore in his then state of disability, taking into consideration the factors enumerated in section 4657." Whatever factors the court had in mind in that case are not involved in the instant one.

Here, as is indicated by the report on reconsideration, the evidence shows that although the disability was only partial, the wage loss was total. For all practical purposes the disability was a temporary total one so far as wage loss is concerned. There was no evidence by the employer that any "light" work was available to Stroer; in fact, the evidence is the contrary. How a finding that Stroer was or was not an "odd lot" would help to clarify the situation does not appear. The crucial questions were whether Stroer was disabled in an industrial accident; was that disability still existent; and, if so, what was the "wage loss" caused thereby? These elements were covered in the commission's finding. If there is any language in the Moore case (128 Cal.App.2d 797 [276 P.2d 148, 277 P.2d 442]) holding that in a case like the instant one more detailed findings are required as a matter of law, such language is wrong, and is disapproved.

While certainty and completeness in the findings of the commission are to be encouraged, and while the findings in the instant case could well have been in more detail, we cannot hold, as a matter of law, that they are insufficient. In interpreting such findings the basic rule "is to interpret them liberally in favor of sustaining the award, and even if a finding, by itself, is inadequate for uncertainty it will still be upheld if it can be made certain by reference to the record." (*Mercer-Fraser Co.* v. *Industrial Acc. Com.*, 40 Cal.2d 102, 123 [251 P.2d 955].)

The award is affirmed.

Gibson, C. J., Shenk, J., Schauer, J., and Spence, J., concurred.

McCOMB, J.—I dissent. I would annul the award, for the reasons expressed by Mr. Justice Patrosso in the opinion prepared by him for the District Court of Appeal in *Pacific Emp. Ins. Co.* v. *Industrial Acc. Com.* (Cal.App.), 335 P.2d 125.

Petitioner's application for a rehearing was denied July 22, 1959. McComb, J., was of the opinion that the application should be granted.