[Civ No. 11498. Third Dist. July 31, 1967.]

HARDWARE MUTUAL CASUALTY COMPANY et al., Petitioners, v. WORKMEN'S COMPENSATION APPEALS BOARD and HENRY W. HARGROVE, Respondents.

Arnold H. Mentz for Petitioner.

Everett A. Corten, Selma Mikels Barnett, Rupert A. Pedrin and Edward J. Farrel for Respondents.

FRIEDMAN, J.—The employer challenges a workmen's compensation award for temporary partial disability at the rate of $70 per week from March 30, 1966, through June 1, 1966.

Key findings of the referee were: (a) that Hargrove, the claimant, was employed as a mechanic by John Geer Chevrolet Company when on February 25, 1966, he sustained an injury in the course of his employment; (b) that the injury caused temporary partial disability beginning March 30, 1966, to and including June 1, 1966 "during which time work which the applicant could perform was not available to him." The referee directed deferment of the question of permanent disability. The Workmen's Compensation Appeals Board denied reconsideration.

Hargrove, an automobile mechanic, had been working for the Geer firm continuously since 1957, except for several months of employment with another firm in 1965. While working for the other firm he incurred a back injury, for which he was compensated. After his return to John Geer the foreman favored him with lighter work because of his back condition.

;Hargrove was ·pushing a car on February 25, 1966, when he slipped in an oil slick and fell. Although in pain, he continued working after the accident. On March 29, 1966, he was discharged for causes unrelated to his physical condition. He did not work thereafter.

On April 20, 1966, he called on Dr. Wilbur, complaining of back pain. Dr. Wilbur prescribed heat and rest and referred him to Dr. Schubert, an orthopedic surgeon. Dr. Schubert's diagnosis was ''osteoarthritis of the lumbar spine with a history of superimposed strain.''

At the time of the hearing, June 15, 1966, Hargrove testified that he was still bothered with pain; that he would have been physically able to continue working for Geer if they had continued to favor him with light work; that at the time of the hearing, he had the ability to work while standing, but could not get up and down on the mechanic's creeper. He had been unemployed since the time he left John Geer and had earned no money. On June 2, 1966, he commenced working with several persons at a service station in an attempt to organize an auto repair business. There is no evidence that he had sought other employment.

The employer contends that Hargrove was physically able to perform the same kind of work both before and after his accident of February 25, 1966, thus was not temporarily disabled, citing *Witt's Dairy* v. *Industrial Acc. Com.*, 37 Cal.App.2d 16 [98 P.2d 812], and *Bethlehem Steel Co.* v. *Industrial Acc. Com.*, 54 Cal.App.2d 585 [129 P.2d 737]. In both the cited decisions the question was whether the claimant's temporary disability had terminated. In both cases the claimant testified that he was physically able to return to work. Since the claimant was physically able to do the same work as before his injury, the court held that the award of continued temporary disability had no evidentiary support.

The cited cases pronounce no dogma, but deal only with the question of substantial evidence of disability.[1] They do not preclude an award here. ▮ In summary, the present situation is one of a pre-existing chronic back condition creating a mild occupational handicap, an industrial accident on February 25 which the fact-finder could properly find as the cause of increased occupational handicap, an employee who

---

[1]The point is illustrated by a dictum in the *Witt's Dairy* decision, 37 Cal.App.2d at page 21, stating that if the employee had testified that he thought he could not work, the award would probably have been permissible.

attempted to work despite the increased handicap, followed by a discharge for an unrelated cause. The testimony and medical reports provide substantial support for a finding of industrially caused physical impairment of work ability on and after March 30, the inception of the period of unemployment.[2]

Petitioner argues that such a case is more appropriate for unemployment compensation than workmen's compensation. (See *Garcia* v. *Industrial Acc. Com.*, 41 Cal.2d 689, 692 [263 P.2d 8]; *California Comp. Ins. Co.* v. *Industrial Acc. Com.*, 128 Cal.App.2d 797, 804-806 [276 P.2d 148, 277 P.2d 442].) We do not agree. In a workmen's compensation case "It is the prospective loss of future earning power under the existing handicap of physical impairment that is to be considered; and ability to do the exact work formerly done by the employee is not the sole measure of disability." (*Department of Motor Vehicles* v. *Industrial Acc. Com.*, 14 Cal.2d 189, 192 [93 P.2d 131]; *DeCelle* v. *City of Alameda*, 186 Cal.App.2d 574, 581 [9 Cal.Rptr. 549].) That the employee attempted to remain on the job despite pain and mild disability is not at all inconsistent with the proposition that some share of his loss of earning power after his discharge was attributable to disability. Here the evidence adequately supports a finding of industrially caused physical impairment which contributed to the loss of earning power from the inception of the period of unemployment.

Error was committed in fixing the rate although not the period of compensation. The referee found partial rather than total disability, but awarded indemnity at the maximum rate (that is, for a total loss of wages) with an accompanying finding that work which the applicant could perform was not available. The appeals board relies upon *Pacific Employers Ins. Co.* v. *Industrial Acc. Com.*, 52 Cal.2d 417 [340 P.2d 622], as justification for this finding and award, arguing that "while the disability was partial, the wage loss was total . . . ." (See *ibid.*, p. 422.)

Labor Code section 4654 declares that temporary partial

---

[2]At the hearing Hargrove testified that his back condition was worse after the February 25 fall but that he had been "determined to hold out as long as possible." He said that his ability to work as a mechanic was presently limited to such work as he could perform while standing. Dr. Wilbur examined Hargrove on April 20. He found flexion-induced pain in the lumbar spine area. Dr. Schubert saw him on May 2. He found decreased range of motion in the lumbar spine area and advised Hargrove to avoid arduous activities such as heavy lifting.

disability payments shall be 65 percent of the weekly wage loss. Section 4657 declares the method of ascertaining the weekly wage loss.[3]

As the *Pacific Employer's* case demonstrates, there are circumstances in which a temporary partial disability may account for a total wage loss. The decision authoritatively declares the requirements for appeals board findings in cases of temporary partial disability. There are two alternatives. One occurs where the disability, although partial, accounts for a total loss of wages. As to that alternative the court states (52 Cal.2d at p. 420) : ''Where the evidence, as here, reasonably supports the conclusion that the partial temporary disability accounts for a total wage loss, the finding as to the wages lost is the only ultimate fact that needs to be found. Specific findings relating to each factor set forth in the code section [4657] are not then required.''

The other alternative occurs when a cause other than the disability accounts for some part of the wage loss. The *Pacific Employers* decision describes the second alternative as follows (52 Cal.2d at pp. 420-421) : 'There can be no doubt that section 4657 makes it quite clear that in cases of temporary partial disability the employee is expected to be willing to earn such wages as he is able considering his injury, and that if some other ascertainable cause other than the injury substantially contributes to his inability to earn wages, such separate cause must be separately evaluated, and only the proportion chargeable to the industrial injury allowed as compensation. In such a case specific findings are required.''

The present facts evoke the second alternative, not the first. The evidence is undisputed that Hargrove was discharged for some reason unrelated to his physical condition and that his ensuing unemployment overlapped the claimed period of disability. Where, as here, a separate cause contributed to the employee's inability to earn wages, the rule enunciated in *Pacific Employers* requires specific findings and

---

[3]Section 4657 provides: ''In case of temporary partial disability the weekly loss in wages shall consist of the difference between the average weekly earnings of the injured employee and the weekly amount which the injured employee will probably be able to earn during the disability, to be determined in view of the nature and extent of the injury. In computing such probable earnings, due regard shall be given to the ability of the injured employee to compete in an open labor market. If evidence of exact loss of earnings is lacking, such weekly loss in wages may be computed from the proportionate loss of physical ability or earning power caused by the injury.''

a separate evaluation. The findings do not conform to that requirement. ■ Failure to find on a material fact involved in the controversy is error. (Lab. Code, § 5313; *California Comp. Ins. Co.* v. *Industrial Acc. Com., supra,* 128 Cal.App.2d at pp. 813-815.)

■ The appeals board contends that it was entitled to conclude that the claimant had progressed to an "odd lot" status. The argument confuses two problems. The "odd lot" doctrine deals with the computation of disability payments in relation to the claimant's physical capacity to perform work other than that which he lost. (See *California Comp. Ins. Co.* v. *Industrial Acc. Com., supra,* 128 Cal.App.2d at p. 813; *Meyers* v. *Industrial Acc. Com.,* 39 Cal.App.2d 665, 669 [103 P.2d 1025]; California Workmen's Compensation Practice (Cont. Ed. Bar (1963) pp. 499-500.) Here the problem is one of evaluating a cause of unemployment unrelated to physical capacity. "[S]uch separate cause must be separately evaluated . . . ." (*Pacific Employers Ins. Co.* v. *Industrial Acc. Com., supra,* 52 Cal.2d at p. 420.)

The award is annulled and the cause remanded to the Workmen's Compensation Appeals Board for further proceedings in the light of this opinion.

Pierce, P. J., and Regan, J., concurred.

The petition of the respondent Board for a hearing by the Supreme Court was denied September 27, 1967.