[L. A. No. 17477.   In Bank.—September 25, 1940.]

HARRY T. ROBINSON, Appellant, v. MELVIN W. GEORGE et al., Defendants; THE CITIZENS–NEWS COMPANY (a Corporation), Respondent.

Charles A. Son and Clarence G. Weisbrod for Appellant.

Lyndol L. Young and Joseph H. Edgar for Respondent.

CARTER, J.—Plaintiff herein appeals from a judgment of nonsuit rendered in favor of the defendant Citizen-News Company in an action for personal injuries.

In the complaint it was alleged that plaintiff sustained certain personal injuries as the result of the negligent operation of an automobile by defendant Melvin W. George. It was also alleged that defendant George was an agent and employee of the defendant Citizen-News Company, a corporation, and that the accident occurred while he was engaged in performing his duties and within the scope of his employment. This allegation was denied by the defendant corporation in its answer. At the close of plaintiff's case, and before defendants had introduced any evidence, a motion was made for nonsuit on behalf of the defendant corporation on the ground "that the nature of his (George's) engagement with the defendant (corporation) was that of an independent contractor, and if he could be considered an agent he certainly had completed his duties prior to the happening of the accident and was then on his own business going home and not acting for his employer". Said motion for nonsuit was granted. Plaintiff appeals from the judgment entered thereon, contending that said action of the trial court constitutes reversible error.

It appears from the testimony taken at the trial that defendant George was regularly employed by the defendant corporation as a news-carrier to deliver papers during the afternoon hours. His duties as such route-carrier terminated

before 6 P. M. George and the corporation had an arrangement whereby after his daily duties as route-carrier were finished, George would be subject to telephone calls at his home by the district manager for the defendant corporation, who would notify him of any complaints made by subscribers that they had not received delivery of their papers. Thereupon George would deliver copies of the newspaper to the addresses from which complaints had come in. In so doing he furnished his own automobile which he used for both his daytime and evening deliveries. His compensation for delivering these "complaints" was referred to as a "commission", and consisted of fifteen cents or twenty-five cents for each delivery according to the zones in which the deliveries were made. It was paid in a lump sum at the end of every month.

Sometimes George telephoned from his home to the district manager to secure his deliveries. The district manager remained on duty until 7:30 P. M. only, and the period during which George was thus subject to call was between the hours of 6 and 7:30 P. M. on each day.

The accident in question occurred on West Adams Street near Washington Boulevard in the city of Los Angeles, at about 8 o'clock P. M. in the evening of April 13, 1937. At that time George had finished all of his deliveries and was on his way to his home from the point of his last delivery which was approximately five blocks from the scene of the accident.

The questions presented by this case are: One, whether defendant George was at the time of this accident a servant of the defendant corporation; and two, if so, whether he was at the same time acting within the scope of his employment.

In reviewing a judgment of nonsuit, it must always be borne in mind that a court can grant a nonsuit only when, disregarding conflicting evidence and giving plaintiff's evidence all the value to which it is legally entitled, including every legitimate inference which may be drawn therefrom, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of the plaintiff if such a verdict were given. (*Gish* v. *Los Angeles Ry. Corp.*, 13 Cal. (2d) 570 [90 Pac. (2d) 792]; *Newsom* v. *Hawley*, 205 Cal. 188 [270 Pac. 364]; *Cain* v. *Marquez*, 31 Cal. App. (2d) 430 [88 Pac. (2d) 200]; *Vermont etc. Co.*

v. *Declez etc. Co.,* 135 Cal. 579 [67 Pac. 1057, 87 Am. St. Rep. 143, 56 L. R. A. 728].)

It is in the light of these rules that we shall consider plaintiff's case.

The defendant corporation contends that the plaintiff presented no evidence whatsoever establishing an agency relationship between itself and the defendant George; but that, instead, said evidence proved that the status of defendant George was that of an independent contractor.

The rule, as stated by plaintiff, is that the fact that one is performing work and labor for another is *prima facie* evidence of employment and such person is presumed to be a servant in the absence of evidence to the contrary. (*Hillen* v. *Industrial Acc. Com.,* 199 Cal. 577 [250 Pac. 570, 13 Cal. Jur. 1041]; and cases cited.)

Defendant, however, cites the case of *Hammel* v. *Keehn,* 18 Cal. App. (2d) 387 [63 Pac. (2d) 1165], to the effect that the inference that one found performing service for another is his servant may be destroyed by other evidence so that a nonsuit is warranted. Defendant contends that the evidence produced by plaintiff, herein, dispelled the disputable presumption which he sought to invoke in his favor.

In the case of *Hammel* v. *Keehn, supra,* the factors which dispelled the presumption of a master and servant relationship were that the service of calling for and delivering automobiles was rendered by a partnership which not only used its own equipment but rendered the same service for another auto agency. Each request for service was determined to be a new contract. The evidence to which defendant refers in the instant case as dispelling such presumption is that George allegedly was not performing work for the defendant but was on his way home at the time of the accident, a point which we will discuss hereafter in this opinion, and also that whatever services he had been engaged in prior to his going on his way home were performed under a contract, the terms of which are not in dispute.

As for the latter portion of defendant's statement, where the arrangements between an employer and employee are entirely oral as in this case, a determination as to the relationship of these parties is within the province of the jury. (*Fechtner* v. *Costa,* 16 Cal. App. (2d) 691 [61 Pac. (2d) 473].) Of course, it is true, as the defendant corporation asserts, that if the terms of the contract are precise

and explicit and the evidence is reasonably susceptible of but a single inference, the question of whether one is a servant or an independent contractor becomes one of law for the court. (*Chapman* v. *Edwards*, 133 Cal. App. 72 [24 Pac. (2d) 211] ; *Fechtner* v. *Costa, supra.*)

We are unable to agree with the contention of the defendant corporation that since there is no conflict in the evidence as to the terms of the contract between itself and defendant George, the only conclusion which can be reached from the evidence is that defendant George was an independent contractor. Substantially, the only evidence concerning the character of defendant George's relationship with the defendant corporation was that which described the nature of George's duties and the manner of their performance together with the method of paying compensation therefor. Plaintiff's showing that defendant George was rendering services for the defendant company was sufficient to give rise to the presumption that the relation of master and servant existed between them. The fact that defendant George was being compensated for said services indicated that they were not being rendered gratis.

The defendant corporation cites many cases which set forth the various tests which have been applied in determining whether a relationship is that of master and servant or independent contractor. (*Preo* v. *Roed,* 99 Cal. App. 372 [278 Pac. 928] ; *Hammel* v. *Keehn, supra; Coleng* v. *Ramsdell,* 19 Cal. App. (2d) 376 [65 Pac. (2d) 365] ; *Batt* v. *San Diego Sun Pub. Co., Ltd.,* 21 Cal. App. (2d) 429 [69 Pac. (2d) 216].) Applying these tests to the instant case, defendant contends that no master and servant relationship existed between itself and George, because it was interested only in the result of his work—that is the delivery of newspapers to those subscribers who complained that they had not received their copies; that it was not concerned in and had no interest in the means by which any of such deliveries were made; that it did not retain the right to control or direct the mode and manner in which the work was done; that there was no provision that defendant George was personally to make the deliveries; or that neither defendant George nor the defendant corporation could have terminated their relationship at any time without breaking a contract.

It must be pointed out that neither does it appear from the evidence that any of these contentions is true. The testi-

mony in the record with regard to George's duties does not show that the defendant corporation exercised any particular control over the details thereof, but, as plaintiff maintains, in determining the status of an employee as distinguished from an independent contractor, it is the existence of the right of control and not the use or lack of use of it that is important (*Phillips* v. *Larrabee*, 32 Cal. App. (2d) 720 [90 Pac. (2d) 820]); and it does not appear herein that the defendant corporation did not possess such right.

Since practically the only evidence as to the nature of the relationship of the parties is the presumption arising out of the fact that defendant George was rendering services to the defendant corporation, the jury could have found that he was doing it in the capacity of a servant; and, since no evidence was introduced by the defendant corporation to rebut this presumption, we are of the opinion that the evidence would have been sufficient to support a finding of an employer-employee relationship. (*Fechtner* v. *Costa, supra; Huddy* v. *Chronicle Pub. Co.*, 15 Cal. (2d) 554 [103 Pac. (2d) 421].)

■ Of course, after plaintiff establishes a *prima facie* case, the burden shifts to the defendant corporation which then may prove, if it can, that defendant George was an independent contractor. (*Phillips* v. *Larrabee, supra; Hillen* v. *Industrial Acc. Com., supra; Hartford Accident & Ind. Co.* v. *Industrial Acc. Com.*, 93 Cal. App. 313 [269 Pac. 733].)

■ The defendant company takes the position that, even if defendant George could be termed its servant, no legal relationship existed between them at the time of the accident, for the reason that defendant George was then engaged in a purely personal act—that of returning to his home.

In support of this position, the defendant corporation cites many cases decided in accordance with "the going and coming rule" which declare that employees while going to or returning from their places of employment are not within the scope of their employment, for the reason that they are not at that time rendering a service growing out of or incidental thereto. (27 Cal. Jur. 380; *Mauchle* v. *Panama-Pacific Int. Exp. Co.*, 37 Cal. App. 715 [174 Pac. 400]; *Nussbaum* v. *Traung Label etc. Co.*, 46 Cal. App. 561 [189 Pac. 728]; *California C. I. Exchange* v. *Industrial Acc. Com.*, 190 Cal. 433 [213 Pac. 257]; *Dellepiani* v. *Industrial Acc.*

*Com.*, 211 Cal. 430 [295 Pac. 826].) The rule in the above cases is not applicable here for the reason that the instant case comes within an exception to the "going and coming" rule known as the "special errand" rule. The rule generally known as the "going and coming" rule is applied in those instances where a person is employed to perform services at or in a particular plant or upon particular premises, and where an accident or injury occurs while he is going to or coming from that place of employment, or where the employee has left the place of employment on an errand personal to himself. (*Makins* v. *Industrial Acc. Com.*, 198 Cal. 698 [247 Pac. 202, 49 A. L. R. 411].) In the Makins case, *supra*, it was held that a news-carrier who performed his duties within an area of definite boundaries, and was injured therein, was injured at his place of employment and was entitled to be compensated therefor.

In the instant case the defendant George had no definite area of employment, unless the entire city could be termed such, for each delivery which he made might be in an entirely different zone or direction. Furthermore, to paraphrase the language used in *Hillen* v. *Industrial Acc. Com.*, *supra*, at page 581, it does not appear that defendant George contracted to do a "job" of delivering papers, but to remain on call and make each delivery as he was ordered. There is no evidence that he was required to or would be allowed to make all the deliveries in a certain area, or a certain portion of the whole number of deliveries regardless of area.

It is our view that each time he was directed by the district manager to make deliveries to certain given addresses he was sent on a special errand by the defendant corporation and came within the provision of the special errand rule which is stated in 1 Campbell on Workmen's Compensation, section 182, page 171, as follows:

"When the employee is sent on a special errand, either as part of his regular duties or at the express order of his employer, the former is under the Act and injuries sustained in the course thereof are compensable from the time of his beginning the assignment to its completion; that is both going and coming or until he deviated therefrom for personal reasons." It was neither alleged nor proved herein that defendant George deviated in any manner from his line of duty.

In this state it has been held that cases where the employment itself is one in which an employee is required to travel from place to place at the will of the employer are an exception to the "going and coming" rule and the risks of such travel are directly incident to the employment itself. (*London etc. Co.* v. *Industrial Acc. Com.*, 35 Cal. App. 681 [170 Pac. 1074].)

A case which we regard as being particularly applicable to the present set of facts is that of *State C. I. Fund* v. *Industrial Acc. Com.*, 89 Cal. App. 197 [264 Pac. 514]. In that case a salesman was requested to return to the store at night, in the evening after his usual business hours, and to remain on the premises while an electrician repaired a broken switch. The employee returned to the store at about 7 o'clock, remained there until 10 and when the electrician had completed his work, then departed for his home. While transferring from one car to another on his way home he fell, was injured, and as a result of said injury, died. The court, on page 200 therein, said that:

"Obviously, the service decedent was performing on the night he was injured did not have its inception at the store upon his arrival there, nor did it end there immediately upon leaving. It began the instant he left his home on the errand to go to the store for the purpose of allowing the electrical work to be done; and if, as has been held, the 'going and coming' rule does not apply to an employee who has sustained an injury in performing a business errand for his employer while *going* home (*Sun Indemnity Co.* v. *Industrial Accident Commission*, 76 Cal. App. 165 [243 Pac. 892]), it would not be reasonable to hold that the rule should apply where the employee is injured while *returning* to his home from the performance of a business errand. As indicated, it was in effect held in *Sun Indemnity Co.* v. *Industrial Accident Commission, supra*, that the 'going and coming' rule should not be held to apply where the employee was injured while primarily engaged in a business errand for his employer, notwithstanding that he was at the time returning home after having finished his day's work; and substantially the same principle was involved in *Western Pacific R. R. Co.* v. *Industrial Accident Commission*, 193 Cal. 413 [224 Pac. 754], except in the latter case the accident to the employee happened after leaving his home."

According to the arrangement between them the defendant corporation telephoned its order to defendant George at his home, or he telephoned from there to receive his orders. In the eyes of both, it might be said that for all intents and purposes George's home was his place of business. It was the place to which the defendant's district manager transmitted its orders, it was the point from which defendant George made the deliveries thus ordered. It was the point to which he might return to remain or to receive other orders. Certainly if he had been required to remain at the office of his employer to receive the names of the missed subscribers, it would not have been disputed that he was on a special errand and that his employment continued until said "special errand" was completed and he had returned to his point of departure. The mere fact that the parties agreed upon a different point at which to receive orders and from which they were to be executed can scarcely be said to alter the situation.

We are of the opinion that sufficient evidence was presented by the plaintiff to support a verdict had one been rendered in his favor. The judgment of nonsuit is therefore reversed.

Edmonds, J., Shenk, J., Houser, J., York, J., *pro tem.,* Gibson, C. J., and Spence, J., *pro tem.,* concurred.