[Civ. No. 21880. Third Dist. Aug. 26, 1983.]

TERRENCE L. FILLMORE, Plaintiff and Respondent, v.
FLEET IRVINE et al., Defendants and Appellants.

**[Opinion certified for partial publication.†]**

---

†See footnote 10, *post,* page 662.

COUNSEL

Marsh, Marsh & Glusman, Harry M. Marsh and Matthew E. Marsh for Defendants and Appellants.

William S. Volpe for Plaintiff and Respondent.

OPINION

SIMS, J.—Defendants Fleet Irvine, Douglas Tanner, Thomas Tarman and Gene McFarren appeal from a judgment entered May 5, 1982, after court

trial in favor of plaintiff Terrence L. Fillmore.[1] Plaintiff sued defendants to foreclose a mechanic's lien and for breach of oral contract arising from his failure to be paid for services as a drywall finisher. Defendants contend that: (1) the trial court erroneously applied Labor Code section 2750.5's rebuttable presumption that plaintiff was an employee rather than an unlicensed independent contractor barred by statute from recovery; (2) absent the presumption, the evidence was insufficient to sustain the trial court's finding that plaintiff was in fact an employee; and (3) the evidence was insufficient to sustain the finding of an agreement between plaintiff and defendant Tarman to pay for plaintiff's services. We agree with defendants' first two contentions and reverse the judgment. Accordingly, we do not reach the third issue posed by defendants.

## Factual and Procedural History

Viewed in the light most favorable to the judgment (see *In re Angelia P.* (1981) 28 Cal.3d 908, 924 [171 Cal.Rptr. 637, 623 P.2d 198]), the record reveals the following: plaintiff is a drywall finisher by occupation; he performed taping and texturing work on defendants' building but he has not been paid. Defendants are partners in a partnership known as Design Concepts, which in 1980 owned real property at 290 Air Park Boulevard in Chico. Defendants constructed a commercial building on the property, with defendant Tarman, a licensed architect and contractor, serving as general contractor. Defendants, through Tarman, subcontracted with Loren Sutton for framing, sheetrock hanging, taping and texturing, wood trim, windows and accessories.

In July 1980 plaintiff was employed by Sam Ivy Drywall, earning $10 an hour. Witness Sabia Montandon, also a drywall worker, was employed on defendants' construction project and informed plaintiff of the possibility of work there. Plaintiff accompanied Montandon to defendants' jobsite, where he was introduced to defendant Irvine. Plaintiff and Irvine discussed job specifications and inspected the site. A couple of days later at the jobsite Montandon introduced plaintiff to Sutton. Plaintiff testified that the first thing he told Sutton was that he, plaintiff, was not a licensed contractor and that he would have to become an employee of Sutton's in order to accept the job.

Plaintiff told Sutton he would charge 27 cents per square foot for his services; Sutton would have to provide materials and a scaffold. Sutton

---

[1]Loren Sutton, a named defendant in plaintiff's complaint, petitioned for bankruptcy in 1981 and received a discharge of debts in 1982. The trial court severed the case against Sutton. He is not a party to this appeal.

replied that he, Sutton, had budgeted 30 cents per foot to complete the job, including materials and labor. After some discussion Sutton agreed to purchase the needed materials and to pay plaintiff the balance of the budgeted 30 cents per square foot. However, neither plaintiff nor Sutton suggested they reduce this agreement to writing, and no written contract was prepared. Plaintiff was to submit each Friday a statement of the square footage he had completed, and Sutton was to pay plaintiff weekly.

Plaintiff was to commence work July 24, 1980. He testified that when he arrived at the site none of the needed materials was present; Sutton told him they would be available the next day. When once again they were not, Sutton asked plaintiff to purchase what he needed and Sutton would reimburse him. Plaintiff purchased $1,008.80 in materials and was reimbursed by Sutton. Plaintiff deposited the reimbursement in his personal account. Prior to plaintiff's first payday he filled out a form W-4 which Sutton had given him.

Plaintiff did not receive the weekly payments he was promised, and he told Sutton and job superintendent Robert Novack that he would quit if he was not paid. On the weekend of August 16th and 17th plaintiff actually remained away from the job although he was supposed to work seven days a week. Sutton explained to plaintiff that he was not being paid because the owners had failed to pay him (Sutton).

Plaintiff and Sutton met with Novack and defendants Tarman and Irvine to try to resolve the matter. Tarman initially told plaintiff he would have to discuss his not being paid with Sutton, the subcontractor, rather than with him. Plaintiff testified that "when we informed him [Tarman] that Loren [Sutton] was saying the reason we weren't getting paid is because Mr. Tarman was not paying him, the whole gist of the conversation changed. He, Mr. Tarman, said if we would go back to work, finish the job, that he would make sure we got paid, whether he had to make out joint checks to be made out to Sutton and myself . . . he would see to it we got paid. But not until the end of the job."

Plaintiff asked some drywall-finisher friends of his to assist with the job. They did so unpaid, as plaintiff had previously done on jobs of theirs. Plaintiff completed the job on August 28, and recorded a mechanic's lien on defendants' realty in the amount of $10,221.20 (which he contends represents his wages for about a month's work), a figure he arrived at by using the previously agreed formula of 30 cents per square foot minus 2.7 cents cost of materials. Defendant Tarman indicated he was satisfied with plaintiff's work. Although defendants paid Sutton for all drywall work,

including that performed by plaintiff, plaintiff has never received any payment for his labor from Sutton or from defendants.

Plaintiff filed this action on December 1, 1980, against defendants and Sutton, seeking to foreclose his lien and to enforce defendant Tarman's promise to pay him if Sutton failed to do so. Recourse to the bankrupt Sutton was, as a practical matter, unavailable. (*Ante,* fn. 1.) Defendants resisted plaintiff's claim, contending that (1) plaintiff was not Sutton's employee but was rather an unlicensed independent contractor barred by Business and Professions Code section 7031 from maintaining the action; and (2) plaintiff failed to give preliminary notice of his mechanic's lien as required by Civil Code section 3097.

The trial court found, inter alia, that (1) Labor Code section 2750.5 created a rebuttable presumption that plaintiff was an employee rather than an independent contractor; (2) defendants failed to rebut the presumption; (3) plaintiff held a valid lien on defendants' real property; and (4) a valid contract existed between plaintiff and defendant Tarman.

DISCUSSION

I

We begin with an overview of three code sections involved in this appeal, Business and Professions Code sections 7031[2] and 7053,[3] and Labor Code section 2750.5,[4] which are set out in the margin.

---

[2]Business and Professions Code section 7031 reads as follows: "No person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action in any court of this state for the collection of compensation for the performance of any act or contract for which a license is required by this chapter without alleging and proving that he was a duly licensed contractor at all times during the performance of such act or contract, except that such prohibition shall not apply to contractors who are each individually licensed under this chapter but who fail to comply with Section 7029." Unless otherwise indicated, Business and Professions Code section 7031 is referred to simply as "section 7031" hereinafter.

[3]At the time of trial, Business and Professions Code section 7053 provided: "Except as provided in Article 10 (commencing with Section 7150), this chapter does not apply to any person who engages in the activities herein regulated, as an employee with wages as his sole compensation."

Article 10 (commencing with § 7150) concerns the home improvement business and is inapplicable to this proceeding.

Section 7053 was amended after the date of judgment in this case in 1982. (*Post,* fn. 5.)

Unless otherwise indicated, Business and Professions Code section 7053 is referred to simply as "section 7053" hereinafter.

[4]Labor Code section 2750.5 reads as follows: "There is a rebuttable presumption affecting the burden of proof that a worker performing services for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and

Section 7031 provides that anyone who engages in the business of, or acts in the capacity of, a contractor without possessing a valid contractors' license, if one is required by law, is barred from maintaining an action to collect compensation or foreclose a mechanics' lien. (*Lewis & Queen* v. *N. M. Ball Sons* (1957) 48 Cal.2d 141, 154 [308 P.2d 713], and cases cited therein; see *Walker* v. *Thornsberry* (1979) 97 Cal.App.3d 842 [158 Cal.Rptr. 862].) At the time of trial,[5] section 7053 exempted from the requirements of section 7031 contractors' employees, whose sole compensation is wages. (*Pickens* v. *American Mortgage Exchange* (1969) 269 Cal.App.2d 299, 305 [74 Cal.Rptr. 788].) Since it is conceded that plaintiff was unlicensed, and that he was performing work for which a license is required if performed by a contractor (see Bus. & Prof. Code, § 7026), his right to maintain this action is dependent upon his being characterized as an employee rather than an independent contractor.

Section 2750.5 differentiates "worker[s] performing services for which a license is required" by the "Contractors" chapter of the Business and Professions Code (ch. 9, div. 3, § 7000 et seq.) into two categories, "employees" and "independent contractors." The section creates a rebuttable presumption, affecting the burden of proof, that a worker who performs

---

Professions Code, or who is performing such services for a person who is required to obtain such a license is an employee rather than an independent contractor. Proof of independent contractor status includes satisfactory proof of these factors:

"(a) That the individual has the right to control and discretion as to the manner of performance of the contract for services in that the result of the work and not the means by which it is accomplished is the primary factor bargained for.

"(b) That the individual is customarily engaged in an independently established business.

"(c) That the individual's independent contractor status is bona fide and not a subterfuge to avoid employee status. A bona fide independent contractor status is further evidenced by the presence of cumulative factors such as substantial investment other than personal services in the business, holding out to be in business for oneself, bargaining for a contract to complete a specific project for compensation by project rather than by time, control over the time and place the work is performed, supplying the tools or instrumentalities used in the work other than tools and instrumentalities normally and customarily provided by employees, hiring employees, performing work that is not ordinarily in the course of the principal's work, performing work that requires a particular skill, holding a license pursuant to the Business and Professions Code, the intent by the parties that the work relationship is of an independent contractor status, or that the relationship is not severable or terminable at will by the principal but gives rise to an action for breach of contract.

"In addition to the factors contained in subdivisions (a), (b), and (c), any person performing any function or activity for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code shall hold a valid contractors' license as a condition of having independent contractor status.

"For purposes of workers' compensation law, this presumption is a supplement to the existing statutory definitions of employee and independent contractor, and is not intended to lessen the coverage of employees under Division 4 and Division 5."

Unless otherwise indicated, Labor Code section 2750.5 is referred to simply as "section 2750.5" hereinafter.

[5]The statute was subsequently amended. (See Stats. 1982, ch. 1427, § 2, No. 8 Deering's Adv. Legis. Service, p. 17.)

services requiring a contractor's license, or who works for one who is required to possess such a license, is an employee rather than an independent contractor. The section further provides that any person performing any activity which requires a contractors' license *shall hold* a valid license *as a condition* of having independent contractor status. (*Ante,* fn. 4.) Section 2750.5 explicitly provides in part that: "*For purposes of workers' compensation law,* this presumption is a supplement to the existing statutory definitions of employee and independent contractor, . . ." (Italics added.)

With this statutory overview we turn to defendants' contentions on appeal.

## II

■ Defendants first contend that the trial court improperly applied section 2750.5 to a determination of whether plaintiff was an employee.[6]

■ In analyzing section 2750.5,[7] we have in mind that "In construing the words of a statute . . . to discern its purpose, the provisions should be read together; an interpretation which would render terms surplusage should be avoided, and every word should be given some significance, leaving no part useless or devoid of meaning. [Citations.]" (*City and County of San Francisco* v. *Farrell* (1982) 32 Cal.3d 47, 54 [184 Cal.Rptr. 713, 648 P.2d 935].) The penultimate paragraph of section 2750.5 provides in relevant part that a person performing an activity requiring a contractors' license "shall hold a valid contractors' license *as a condition of* having independent contractor status." (Italics added.) This provision does not simply create a presumption; it is mandatory. Under section 2750.5, one performing services requiring a license cannot be an independent contractor unless one holds a valid license. Thus, if one performs work on a construction job for which a license is required, without holding a valid license, one is by definition an employee, not an independent contractor, pursuant to section 2750.5.

---

[6]They correctly point to the following paragraphs of the statement of decision as clearly indicating that the trial court applied the presumption of employee status in section 2750.5 to the present dispute:

"1. California Labor Code § 2750.5 applies to the factual situation presented, creating a rebuttable presumption that plaintiff TERENCE FILLMORE acted as an employee of defendant LOREN SUTTON, rather than as an independent contractor.

"2. Defendants have failed to meet their burden of proof; plaintiff acted as an employee rather than an independent contractor in connection with the work performed by him between July 24, 1980 and August 28, 1980 at 290 Air Park Drive, Chico, California."

[7]We have found only one case, *Resnik* v. *Anderson & Miles* (1980) 109 Cal.App.3d 569 [167 Cal.Rptr. 340], applying Labor Code section 2750.5 outside the context of workers' compensation. There, the issue involved the jurisdiction of the Labor Commissioner. (*Resnik, supra,* at p. 572.)

While this provision of section 2750.5 may serve a salutary purpose of providing broad workers' compensation coverage to those injured on a job (see *Webb* v. *Workers' Comp. Appeals Bd.* (1980) 28 Cal.3d 621, 626 [170 Cal.Rptr. 32, 620 P.2d 618]), the provision results in untoward consequences when it is applied to determinations under sections 7031 and 7053. As noted above, the effect of sections 7031 and 7053 is to allow one to bring an action to recover compensation if one is an employee but not if one is an unlicensed independent contractor. But, as we have seen, section 2750.5 precludes a worker without a required license from obtaining independent contractor status and effectively designates the worker as an employee as a matter of law. Thus, if section 2750.5 were applied to determinations under sections 7031 and 7053, every unlicensed person performing work on a job would be characterized as an employee and not an independent contractor. This result would repeal by implication section 7031's ban on recovery by an unlicensed contractor. ■ That ban "represents a legislative determination that the importance of deterring unlicensed persons from engaging in the contracting business outweighs any harshness between the parties, and that such deterrence can best be realized by denying violators the right to maintain any action for compensation in the courts of the state. [Citation.]" (*Lewis & Queen* v. *N. M. Ball Sons, supra,* 48 Cal.2d at p. 151; accord *Rushing* v. *Powell* (1976) 61 Cal.App.3d 597, 605 [130 Cal.Rptr. 110].) ■ " 'The courts assume that in enacting a statute the Legislature was aware of existing, related laws and intended to maintain a consistent body of statutes. (*Stafford* v. *Realty Bond Service Corp.* (1952) 39 Cal.2d 797, 805 [249 P.2d 241]; *Lambert* v. *Conrad* (1960) 185 Cal.App.2d 85, 93 [8 Cal.Rptr. 56]; 1 Sutherland, Statutory Construction (3d ed.) § 2012, pp. 461-466.) Thus there is a presumption against repeals by implication; they will occur only where the two acts are so inconsistent that there is no possibility of concurrent operation, or where the later provision gives undebatable evidence of an intent to supersede the earlier; the courts are bound to maintain the integrity of both statutes if they may stand together. [Citations.]' " (*Hays* v. *Wood* (1979) 25 Cal.3d 772, 784 [160 Cal.Rptr. 102, 603 P.2d 19], quoting *Sacramento Newspaper Guild* v. *Sacramento County Bd. of Suprs.* (1968) 263 Cal.App.2d 41, 54 [69 Cal.Rptr. 480].) We must also prefer an interpretation of Labor Code section 2750.5 which is reasonable over one which is not or which would lead to mischief. (*People* v. *Nevarez* (1982) 130 Cal.App.3d 388, 397 [181 Cal.Rptr. 691].) ■ We hold that Labor Code section 2750.5 is not applicable to determinations of whether one is an employee or unlicensed contractor under Business and Professions Code sections 7031 and 7053.

Plaintiff offers two arguments to rebut our conclusion. First, plaintiff focuses on the first sentence of section 2750.5, which provides: "There is a rebuttable presumption affecting the burden of proof that a worker perform-

ing services for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code, or who is performing such services for a person who is required to obtain such a license is an employee rather than an independent contractor." Plaintiff contends that this explicit reference to chapter 9 of division 3 of the Business and Professions Code (of which §§ 7031 and 7053 are a part) reflects a legislative intent to apply section 2750.5 to determinations under sections 7031 and 7053. However, chapter 9 of division 3 of the Business and Professions Code also contains enumerations of those services for which a license is required (see, e.g., Bus. & Prof. Code, §§ 7026, 7026.1, 7026.3, 7026.4) and of those services which are exempt from licensing requirements. (See, e.g., Bus. & Prof. Code, §§ 7040, 7041, 7043, 7046.) We conclude that the reference in the first sentence of section 2750.5 to chapter 9 of division 3 of the Business and Professions Code is for the sole purpose of defining the nature of services performed by the worker (i.e., those for which a license is required under the Bus. & Prof. Code). This conclusion finds syntactical support in the final clause of the first sentence of section 2750.5, where reference is made to "such services," i.e., those for which a license is required pursuant to the Business and Professions Code.

Plaintiff's second argument against our conclusion is that Labor Code section 2700 compels the application of section 2750.5 to the instant dispute. We acknowledge that section 2750.5 is a part of division 3 of the Labor Code, entitled "Employment Relations." With respect to that division, Labor Code section 2700 provides: "The provisions of this division shall not limit, change, or in any way qualify the provisions of Divisions 4 and 4.5 of this code, but shall be fully operative and effective in all cases where the provisions of Divisions 4 and 4.5 are not applicable."[8] In accordance with Labor Code section 2700, various provisions contained in division 3 of the Labor Code have been applied to areas of law other than workers' compensation. (See 1 Witkin, Summary of Cal. Law (8th ed. 1973) Agency and Employment, § 3, pp. 645-646; *Charles B. Webster Real Estate* v. *Rickard* (1971) 21 Cal.App.3d 612, 615 [98 Cal.Rptr. 559] [Lab. Code, § 2750 applied in dispute about real estate commission between private parties].)

However, Labor Code section 2700, which purports to apply section 2750.5 to all areas of law except those specifically excepted, is obviously a statute of general application, whereas sections 7031 and 7053 focus specially on lawsuits for the collection of compensation by those performing

---

[8]Divisions 4 and 4.5 of the Labor Code concern Workmen's Compensation and Insurance for private and state employees respectively. (See Lab. Code, §§ 3200, 6100.)

services for which a contractors' license is required. ■ "[W]here the same subject matter is covered by inconsistent provisions, one of which is special and the other general, the special one, whether or not enacted first, is an exception to the general statute and controls unless an intent to the contrary clearly appears. (*In re Williamson,* 43 Cal.2d 651, 654 [276 P.2d 593]; see 82 C.J.S. 720-722.)" (*Warne* v. *Harkness* (1963) 60 Cal.2d 579, 588 [35 Cal.Rptr. 601, 387 P.2d 377]; see *People* v. *Tanner* (1979) 24 Cal.3d 514, 521 [156 Cal.Rptr. 450, 596 P.2d 328].) Here, Business and Professions Code sections 7031 and 7053, as special statutes, must prevail over Labor Code section 2700.

### III

■ Plaintiff contends that even if the trial court erred in applying the presumption of employee status in section 2750.5 there are two alternative bases for applying such a presumption.

### A

First, plaintiff cites *Robinson* v. *George* (1940) 16 Cal.2d 238 at page 242 [105 P.2d 914] for the proposition that "the fact that one is performing work for another is *prima facie* evidence of employment and such person is presumed to be a servant in the absence of evidence to the contrary."

In *Robinson,* the plaintiff alleged he was injured by defendant George's negligent operation of an automobile while George was delivering newspapers for defendant Citizen-News Company. (P. 240.) Citizen-News claimed that George was an independent contractor for whose acts it could not be liable and contended plaintiff presented no evidence showing George to be an employee. Our Supreme Court noted the paucity of evidence establishing either employee or contractor status and applied a presumption recognized by *Hillen* v. *Industrial Acc. Com.* (1926) 199 Cal. 577 [250 P. 570], to shift the burden of proof to defendant Citizen-News to show contractor status. (P. 244.) We are aware of no case, however, which has applied the *Hillen-Robinson* presumption to issues arising under sections 7031 and 7053. We decline to apply the presumption in this context for several reasons.

We initially note that *Hillen* v. *Industrial Acc. Com., supra,* interpreted the then workmen's compensation law. (Stats. 1917, ch. 586, pp. 831-879.) Section 19(d)(1) of that statute provided that an employer should bear the burden of proof to establish the affirmative defense of independent contractor status. (P. 849.) *Robinson* borrowed *Hillen's* statutory presumption without analysis. As we have noted above, the presumption of employee

status serves a salutary purpose in the workers' compensation context. However, neither *Hillen* nor *Robinson* contains any reason or policy that persuades us to extend the presumption to determinations of whether one is an employee or an unlicensed contractor under sections 7031 and 7053.

Indeed, to apply a presumption of employee status would be to undermine a policy inherent in section 7031, i.e., that one seeking to recover compensation for contracting work should bear the burden of proving that he complied with the licensing laws. (*Ante,* fn. 2.) As noted above, *Robinson* establishes a rebuttable presumption of employee status. ■ Under California law there are two types of rebuttable presumptions: those affecting the burden of producing evidence, designed only to facilitate the determination of the action (Evid. Code, §§ 603, 604) and those affecting the burden of proof which implement an extrinsic public policy (Evid. Code, §§ 605, 606; see *In re Marriage of Ashodian* (1979) 96 Cal.App.3d 43, 46-47 [157 Cal.Rptr. 555]). The *Robinson* presumption is of the latter variety, since it shifts the burden of proof to implement the public policy of extending compensation for personal injuries. (See *Robinson* v. *George, supra,* 16 Cal.2d at pp. 243-244.)

■ In cases such as this, however, the practical effect of applying the *Robinson* presumption would be to shift to defendant owners the burden of proving that those who perform work are not employees but are, rather, contractors.[9] If a presumption of employee status were applied, a plaintiff who is in fact an unlicensed contractor would simply plead employee status, establish at trial that he or she performed *some* work on a job site, and shift the burden to the owner to show that plaintiff was a contractor. Section 7031, however, explicitly requires persons acting in the capacity of a contractor to prove licensed contractor status (*ante,* fn. 2) in order to effectuate the legislative policy of deterring unlicensed contracting. Thus, application of the *Robinson* presumption would contravene rather than fulfill an important public policy. (See *Lewis & Queen* v. *N. M. Ball Sons, supra,* 48 Cal.2d 141, 151.)

Moreover, shifting the burden of proof to defendants would run afoul of Evidence Code section 500, which requires a plaintiff to bear the burden of proof "as to each fact the existence or nonexistence of which is essential to the claim for relief . . . that he is asserting." It is essential to plaintiff's

---

[9]The *Robinson* presumption applies only when there is some evidence indicating that one is performing work for another. (See *Robinson* v. *George, supra,* 16 Cal.2d at p. 242.) Since, for purposes of sections 7031 and 7053, there are only two classes of persons who perform work for another, employees and contractors, the practical effect of requiring owners to prove that workers are not employees is to require owners to prove that they are contractors.

claim that he be either a licensed contractor, per section 7031, or an employee, per section 7053. Plaintiff pleaded that he was an employee. Evidence Code section 500 would, therefore, ordinarily place the burden of proof upon plaintiff to establish that he was an employee. (See *Polk* v. *Polk* (1964) 228 Cal.App.2d 763, 787 [39 Cal.Rptr. 824].)

We perceive no good reason to shift the burden of proof. In determining whether the normal allocation of the burden of proof should be altered, the comment to Evidence Code section 500 notes that courts consider a number of factors, including the knowledge of the parties concerning the particular fact, the availability of evidence to the respective parties, and the most desirable result in terms of public policy. None of these factors support shifting the burden of proof in this case.

The *Hillen-Robinson* presumption of employee status has been applied to disputes between someone who performed work (arguably an "employee") and someone at whose request the work was performed (arguably an "employer"). In these situations, evidence of employment status is presumably readily available to the person at whose request the work is performed. An employer, for example, will have ready access to agreements and records reflecting the work history of someone claiming to be an employee. In the instant case, the dispute is not between a worker (alleged employee) and the person at whose request the worker worked (alleged employer). Here the dispute is between a worker, who claims a subcontractor was his employer, and an owner who has no ready access to the terms or conditions of the worker's work. In cases such as this one, the worker, not the owner, ordinarily has most knowledge of the terms of any employment agreement and of the actual conditions pursuant to which he or she performs the work.

Finally, applying a presumption of employee status would, as noted above, have a deleterious effect upon the public policy of deterring unlicensed contracting. Unlicensed contractors would be encouraged to bring suit by a rule which renders them presumptive employees. Accordingly, we decline to depart from the ordinary burden of proof established by Evidence Code section 500.

B

Plaintiff contends, however, that a presumption of employee status is "consistent with" Evidence Code section 520, which provides: "The party claiming that a person is guilty of crime or wrongdoing has the burden of proof on that issue." Plaintiff argues that if he is not an employee, he is an unlicensed contractor, that contracting without a license is a misdemeanor (Bus. & Prof. Code, § 7028), so that defendants should have the burden of

proving him an unlicensed contractor pursuant to Evidence Code section 520. However, Evidence Code section 300 provides that the Evidence Code is inapplicable when "otherwise provided by statute." The explicit language of Business and Professions Code section 7031 (*ante*, fn. 2), requires one to plead and prove licensed contractor status in order to bring or maintain an action. Since the burden of proof in contractor licensing cases is "otherwise provided by statute," the burden of proof in Evidence Code section 520 is inapplicable. (See *Bailey* v. *Superior Court* (1977) 19 Cal.3d 970, 976 [140 Cal.Rptr. 669, 568 P.2d 394].)

We hold that neither case law nor the Evidence Code creates a presumption that one is an employee for purposes of sections 7031 and 7053.

## IV

. . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is reversed.[10]

Evans, Acting P. J., and Sparks, J., concurred.

---

[10]Pursuant to rule 976.1 of the California Rules of Court, the Reporter of Decisions shall publish all of this opinion, except part IV, which does not meet the criteria for publication and shall not be published.