[No. B109739. Second Dist., Div. One. Jan. 29, 1998.]

JAMES H. ZELLERS, Plaintiff and Appellant, v.
PLAYA PACIFICA, LTD., Defendant and Respondent.

## COUNSEL

Herbert Colden for Plaintiff and Appellant.

Barry Bartholomew and Kathryn Albarian for Defendant and Respondent.

## OPINION

**VOGEL (Miriam A.), J.**—A property owner hired a licensed contractor to repair a stairway. Several months later, the contractor hired James H. Zellers to help with the work. About a month after that, the contractor's license expired. Three weeks later, Zellers was injured while working on the owner's property. When the owner's workers' compensation insurance carrier determined that the unlicensed contractor was also unlawfully uninsured, the owner's carrier paid Zellers's workers' compensation claim. Zellers then switched hats, decided he was an independent contractor and not the owner's employee, and sued the owner for tort damages. The trial court granted the owner's motion for summary judgment, finding that Zellers's exclusive remedy was under the Workers' Compensation Act. We affirm.

### FACTS

In July 1994, Dennis Neuschwanger (whose contractor's license was then valid) contracted with Playa Pacifica, Ltd. to repair a stairway at Playa Pacifica's apartment complex. In early 1995, Neuschwanger hired Zellers to help with the Playa Pacifica job. On February 28, Neuschwanger's contractor's license expired. On March 27, Zellers was injured while working for Neuschwanger at the Playa Pacifica complex. After Zellers discovered that Neuschwanger did not have workers' compensation insurance, Zellers submitted a workers' compensation claim to Playa Pacifica. After Playa Pacifica's workers' compensation carrier confirmed Neuschwanger's uninsured status and discovered that Neuschwanger's contractor's license had expired, the carrier paid Zellers's claim, a total of $24,971.43.

While he was still receiving workers' compensation benefits from Playa Pacifica's carrier, Zellers filed this negligence and premises liability action against Playa Pacifica (and others who are not parties to this appeal). Playa Pacifica answered and then moved for summary judgment, contending that Zellers's workers' compensation benefits were his exclusive remedy. Over Zellers's opposition, the motion was granted, and Zellers now appeals from the judgment thereafter entered.

132

## DISCUSSION

 As he did in the trial court, Zellers contends it is irrelevant that Neuschwanger was unlicensed and uninsured on the date of Zellers's injury. It is enough, he says, that Neuschwanger was licensed at the time Neuschwanger contracted to do the work at Playa Pacifica. According to Zellers, we should disregard as immaterial the fact that Neuschwanger's license had expired about a month before Zellers was injured, and we should conclude that the public policy favoring licensed contractors is satisfied when a contractor is licensed at the time he is hired by the owner. It follows, he says, that he is entitled to be treated as an independent contractor, not as an employee of Playa Pacifica, and that Playa Pacifica cannot defend on the ground that Zellers is an employee whose benefits are limited to those available under the Workers' Compensation Act. (See Lab. Code, §§ 3600, 3601.)[1] Leaving to one side the fact that Zellers was perfectly willing to be treated as Playa Pacifica's employee when he was receiving workers' compensation benefits from Playa Pacifica's carrier, Zellers's argument is wholly inconsistent with the governing statute and the cases interpreting it.

In general, a person rendering service for another, other than as an independent contractor, is presumed to be an *employee*. (§ 3357.) A person is an *independent contractor* only when he "renders service for a specified recompense for a specified result, under the control of his principal as to the result of his work only and not as to the means by which such result is accomplished." (§ 3353.) When a person referred to in sections 3353 and 3357 is working for a contractor, section 2750.5 creates "a rebuttable presumption affecting the burden of proof that a worker performing services for which a license is required pursuant to [section 7000 et seq.] of the Business and Professions Code, or who is performing such services for a person who is required to obtain such a license is an employee rather than an independent contractor. . . . [¶] . . . [A]ny person performing any function or activity for which [such] a license is required . . . shall hold a valid contractors' license as a condition of having independent contractor status."

Since it is undisputed that Neuschwanger was hired by Playa Pacifica, that Zellers was hired by Neuschwanger, that the work in question was work for which a contractor's license was required (Bus. & Prof. Code, § 7026), and that Neuschwanger was unlicensed at the time Zellers was injured, it follows that Zellers must be treated as the employee of Playa Pacifica (the ultimate hirer). (§ 2750.5; *State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd.* (1985) 40 Cal.3d 5, 15 [219 Cal.Rptr. 13, 706 P.2d 1146] ["the Legislature has unequivocally stated that the person lacking the requisite license

---

[1]Unless otherwise stated, all section references are to the Labor Code.

may not be an independent contractor"]; *Hernandez* v. *Chavez Roofing, Inc.* (1991) 235 Cal.App.3d 1092, 1095 [286 Cal.Rptr. 919]; *Neighbours* v. *Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 330 [265 Cal.Rptr. 788];[2] *Blew* v. *Horner* (1986) 187 Cal.App.3d 1380, 1389 [232 Cal.Rptr. 660]; *Travelers Ins. Co.* v. *Workers' Comp. Appeals Bd.* (1983) 147 Cal.App.3d 1033, 1038 [195 Cal.Rptr. 564] [section 2750.5 conditions a finding of independent contractor status upon possession of a valid license]; *Fillmore* v. *Irvine* (1983) 146 Cal.App.3d 649, 656 [194 Cal.Rptr. 319] ["if one performs work on a construction job for which a license is required, without holding a valid license, one is by definition an employee, not an independent contractor"]; *Grahn* v. *Tosco Corp.* (1997) 58 Cal.App.4th 1373, 1379 [68 Cal.Rptr.2d 806].)

To avoid this result, Zellers contends his status should be determined as of the date Neuschwanger contracted with Playa Pacifica, not as of the date of his injury. We disagree. The presumption created by section 2750.5 applies to "a worker *performing services*" for "a person who is required to obtain" a license, not to a worker who may in the future perform services for someone who had a license in the past but no longer has it at the time the services are performed. The logic of the "date of injury" approach, as opposed to the strained interpretation offered by Zellers, has been assumed sub silentio in every relevant case, *including those determining the availability of workers' compensation insurance benefits*, all of which discuss the status of whatever license was at issue as of the date of the injury or incident. (E.g., *State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd., supra,* 40 Cal.3d at p. 12; *Hernandez* v. *Chavez Roofing, Inc. supra,* 235 Cal.App.3d at pp. 1093-1094; *Blew* v. *Horner, supra,* 187 Cal.App.3d at p. 1383 ["when plaintiff was injured, he was defendant's employee as a matter of law"]; *Fillmore* v. *Irvine, supra,* 146 Cal.App.3d at p. 656.)[3] Since the availability of workers' compensation benefits is determined as of the date the worker is injured (*Hofmeister* v. *Workers' Comp. Appeals Bd.* (1984) 156 Cal.App.3d

---

[2]In *Neighbours,* the court noted that section 2750.5 may occasionally "create a dual employment situation in which one employer is granted immunity from a personal injury action at law even though the employer's insurer is not responsible for payment of workers' compensation benefits to the injured employee . . . ." (*Neighbours* v. *Buzz Oates Enterprises, supra,* 217 Cal.App.3d at p. 333.) In *Neighbours,* the court held that the possibility of this result did "not justify judicial rewriting" of the statute. (*Ibid.*) On our facts, there is even less justification for rewriting the statute—Zellers has already received benefits from Playa Pacifica's workers' compensation carrier.

[3]Zellers cites *Rinaldi* v. *Workers' Comp. Appeals Bd.* (1988) 199 Cal.App.3d 217, 221 [244 Cal.Rptr. 637], and quotes a sentence in which the court states that the ultimate hirer " 'should not be able to avoid liability on the ground that he *dealt with* a contractor when the contractor lacked a required license.' " (Some italics omitted.) Apparently it is Zellers's position that an owner *deals with* a contractor only at the moment of hiring and not at any later time. The contention is specious.

848, 852-853 [203 Cal.Rptr. 100]), we fail to see how any other date can be used to determine the worker's employment status under section 2750.5.

Zellers contends the "interests of fostering hiring of licensed contractors" and "our public policy to provide a remedy for every wrong" are not served by a rule that looks to the date of injury to determine independent contractor status. In light of the fact that Zellers has recovered about $25,000 in workers' compensation benefits for his injuries, he is in no position to talk about wrongs without remedies. ■ As to the licensing issue, our Supreme Court has previously explained why the underlying public policy would not be served by Zellers's approach: The "fundamental policy underlying the workers' compensation laws is that those hiring others to perform services should bear the risk of injuries incurred in the undertakings. When the person seeks to hire the services through a licensed independent contractor, it is reasonable to anticipate that the independent contractor will insure against the risk and that the cost of the insurance will be passed on as part of the price of the contract. Thus it is reasonable to exonerate the hirer of the independent contractor. However, *when the person performing services for which a license is required is unlicensed, the likelihood that he will insure against the risk of injury and has included the insurance cost in the price of his contract is greatly reduced.*

"It is not unreasonable for the Legislature to conclude that effective implementation of a system of providing for workers' injuries requires liability on the part of the ultimate hirer and that he should not be able to avoid liability on the ground that he dealt with a contractor when the contractor lacked a required license. Whether or not the hirer of the unlicensed contractor must be viewed as negligent in engaging in the hiring, it is apparent that the hirer has little expectation that the contractor will have compensation and liability insurance. While it may seem anomalous to hold that the hirer is liable for compensation only if the contractor lacks the required license, and that he would not be liable if the contractor were licensed, the justification is apparent in that the Legislature has sought to assure that both licensed and unlicensed contractors and their employees will have compensation should they be injured on the job." (*State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd., supra,* 40 Cal.3d at p. 13, italics added.)[4]

■ Accordingly, we hold that the date of injury is the dispositive date, not the date of contracting (or any other date), that Zellers was an employee

---

[4]Although Neuschwanger was both *unlicensed and uninsured* at the time of Zellers's injury, the result we reach would be the same if he was *not* licensed but *was* insured. (*Neighbours* v. *Buzz Oates Enterprises, supra,* 217 Cal.App.3d at p. 328.)

of Playa Pacifica (not the employee of an independent contractor), and that Zellers's action against Playa Pacifica is barred by the exclusivity provisions of the Workers' Compensation Act.

## Disposition

The judgment is affirmed. Playa Pacifica is awarded its costs of appeal.

Ortega, Acting P. J., and Masterson, J., concurred.