[Civ. No. 11324.   First Appellate District, Division Two.—February 13, 1940.]

THE PEOPLE, Respondent, v. ROLPH GALLINGER, Appellant.

Robert E. Ford for Appellant.

Earl Warren, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—This is an action brought in the name of the plaintiff by J. Mortimer Clark as real estate commissioner of the State of California to obtain an injunction pro-

hibiting the defendant from violating the provisions of sections 20a et seq. of the Real Estate Act of said estate. (Deering's Gen. Laws, 1937, Act 112.) After the trial was had an injunction issued as prayed. The defendant has appealed from the judgment. The case rests on similar facts and involves the construction of the same statute that was involved in *Cowell* v. *Clark,* Civil No. 11323 (*ante,* p. 255 [99 Pac. (2d) 594]), this day filed. All parties entered into a stipulation that the court might make an order consolidating said actions for hearing on appeal and that the issues are substantially the same. The court made an order in accord therewith. There is one point made in the present case that was not made in the Cowell case which requires discussion.

From section 20a the defendant quotes: ''Prior to the time when subdivided lands shall be offered for sale or lease, the owner, his agent or subdivider shall notify the Real Estate Commissioner in writing of his intention to sell such offering.'' He then asserts that under the facts the State of New Mexico was the owner, and that the State of New Mexico has in no manner attempted to violate the statute. That contention was altogether sound before the defendant was granted a lease. However, the defendant fails to give effect to all of the facts. When the State of New Mexico executed to the defendant a lease, he brought it into the State of California, and proceeded to perform the acts charged in the complaint. The gravamen of the action extends to the acts of the defendant and not to the acts of the State of New Mexico. That the defendant was the owner of a leasehold interest in the lands described in the pleadings, is not a disputed fact; and, under well-settled rules, it is approved usage of the language to speak of a leasehold interest in real estate as ''land'' (*Estate of Pitts,* 218 Cal. 184, 192 [22 Pac. (2d) 694]); and when defendant commenced to execute assignments to the 40-acre tract he was a ''subdivider''. (*Cowell* v. *Clark, supra.*) Under these circumstances the statute was clearly applicable to his transactions. The statute does not use the words ''owner in fee simple''. As stated above, the purpose of the legislature was to guard against fraud. To do so effectively, the smaller the *quantum* of title of the owner the more was the need of the statute and therefore the more is the need of construing the words used accord-

ing to the context and the approved usage of the language. (Civ. Code, sec. 13.)

■ The defendant both attacks and attempts to distinguish *In re Sidebotham*, 12 Cal. (2d) 434 [85 Pac. (2d) 453]. As to the attack it is sufficient to state that the decision is controlling in this court. Passing to the attempt to distinguish it, he asserts, "Questions are raised herein that were not raised in the Sidebotham case." He then calls attention to the fact that the cost of examinations to be made pursuant to sections 20b et seq. will amount to hundreds of dollars before the defend: t can obtain a permit. He also calls attention to the fact that the price of each assignment he is attempting to negotiate is a small sum of money. He argues that compliance with the provisions of the statute is prohibitory. Of course, the answer to that argument is that it should have been addressed to the legislature. The defendant's next claim is that "in the Sidebotham case a plea of guilty was entered to the charge of violating the statute and in the *habeas corpus* proceedings there were no facts before the court demonstrating the onerous burdens imposed by the state". The answer is that the burdens were stated on the face of the statute. The advisability of applying the provisions of the statute to cases in general or of making exceptions as to certain transactions was a question for the legislature to determine.

We find no error in the record. The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 14, 1940, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 11, 1940. Edmonds, J., Houser, J., and Carter, J., voted for a hearing.