[Civ. No. 11323. First Appellate District, Division Two.—February 13, 1940.]

GEORGE M. COWELL, Appellant, v. J. MORTIMER CLARK, as Real Estate Commissioner, etc., Respondent.

Charles Franklin Johnson, Russell D. Garner, Sheldon D. Elliott and Robert Kingsley for Appellant.

Earl Warren, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The trial court sustained the defendant's demurrer to the plaintiff's complaint. From the judgment entered the plaintiff has appealed. The complaint contained two counts. In the first count the plaintiff alleged that on the 12th day of November, 1935, the State of New Mexico was the owner of lands situated in the county of Eddy in said state, and described the lands as 2 lots and 9 forties each containing forty acres or more; that on said day it executed to the plaintiff a gas and oil lease which the plaintiff pleaded *in haec verba*; that plaintiff is proposing to assign rights to others in units of forty acres as said lands are described in the United States geological survey of said lands; that he does not propose nor intend to assign rights to any of said lands in smaller divisions; that all of said assignments are to be for gas and oil; that said assignments are to be on a form which he pleaded *in haec verba*; that defendant is the real estate commissioner of the State of California; that on July 2, 1936, the defendant as such commissioner caused to be served on plaintiff an order to show cause why the plaintiff should not be restrained from executing to others the assignments or leases above mentioned; that said order to show cause purports to be issued pursuant to the provisions of sections 20a to 20l, inclusive, of the California Real Estate Act (Deering's Gen. Laws, 1937, Act 112, secs. 20a et seq.) ; and that said sections are unconstitutional and void and in contravention of section 1, article VI, and section 1, article III, of the Constitution of California. The second count pleads the same facts and, in addition that a controversy exists between the parties as to whether the intended acts of the plaintiff constitute a "subdivision" or a "subdividing" within the meaning of said sections of said statute. The rec-

ord presents no question of the sufficiency of either count except the sole question as to whether plaintiff's said acts are in contravention of said statute and whether the said provisions of said statute are in contravention of the Constitution as hereinabove set forth. There was no allegation that plaintiff ever notified the defendant of his intention to make the assignments which he was about to make to other persons.

The plaintiff complains because the trial court sustained defendant's demurrer to the second count pleaded by the plaintiff. The specific facts were set forth in each count. If the plaintiff's claim that he was not "subdividing", as that word is used in the statute, is well founded, then the demurrer should not have been sustained as to either count. But, as will appear below, his said claim regarding the meaning of the statute may not be sustained. For that reason the trial court did not err in sustaining the demurrer to the second count.

 In his second point the plaintiff specially contends that he has not "subdivided", that he is not a "subdivider", and that the tracts he is attempting to lease are not "subdivisions" within the meaning of said statute. These contentions are not supported by the lexicographers nor by the clear wording of the statute. Section 20j is as follows: "Sec. 20j. For the purpose of this act the words 'subdivided lands' and 'subdivision' are hereby defined as land or lands divided or proposed to be divided for the purpose of sale or lease, whether immediate or future, into five or more lots or parcels." Here the plaintiff was about to divide the lands, described in the lease to him, into eleven parcels and assign his lease *pro tanto* to each parcel. That act would be in direct violation of said section. Webster's New International Dictionary, second edition, defines "subdivide": "To divide a tract of land into lots to sell before developing or improving them." Such was the act of this plaintiff. (See, also, 60 C. J. 670; *Gill* v. *Saunders,* 182 Ark. 453 [31 S. W. (2d) 748, 749]; *Kansas City* v. *Neal,* 122 Mo. 232 [26 S. W. 695, 696].) As said in the case last cited: " 'Subdivision' means to divide into smaller parts the same thing or subject matter . . . "

 So here, the plaintiff was about to subdivide into eleven leases the subject-matter of the lease he holds. Furthermore the purpose of sections 20a et seq. was to prevent fraud. To accomplish that object it is clear the legislature placed no

stress on who did the surveying but it meant to place stress on trafficking in title papers after the surveys were made.

In his next point the plaintiff asserts that the provisions of the Real Estate Act purporting to authorize the proceeding complained of by appellant are void as requiring the performance of an impossible act. In his argument he states no facts to support that statement. The argument distorts the statute. The plaintiff is seeking to assign a lease of lands for oil purposes. If it is fit for such purposes there are well-known external characteristics which tend to show the fact that said lands are oil bearing. If those characteristics are present the plaintiff should show the facts giving the lessees the benefit thereof. The statute merely attempts to prevent deception.

The plaintiff quotes from sections 20a et seq. provisions vesting in the defendant power to ascertain and make a record of certain facts and then he contends such provisions are unconstitutional in that they purport to vest purely judicial functions in the defendant—a purely ministerial officer, and that said provisions violate the provisions of section 1, article VI, of the state Constitution. In this connection it should be noted that no one of the provisions under attack purports to declare that any one of the administrative determinations of the defendant may not be reviewed by the courts. Bearing that circumstance in mind, we think the contention is not well founded. In *Whitten* v. *California State Board of Optometry,* 8 Cal. (2d) 444 [65 Pac. (2d) 1296, 115 A. L. R. 1], the same contentions were made. The facts were so nearly the same that that case must be held controlling in the present case.

In his last point the plaintiff claims sections 20a to 20*l* are unconstitutional for three separate reasons. He contends that the prohibitory order to be issued by the defendant is to be a binding, final, and conclusive determination on the rights of private individuals and is not subject to review by any court. The first answer is the statute is not so written. Regarding similar provisions contained in the same statute the same attack was made in *Riley* v. *Chambers,* 181 Cal. 589 [185 Pac. 855, 8 A. L. R. 418]. But, addressing itself to said attack, at page 595, the court held the powers conferred on the defendant were not arbitrary and that if the facts did not support the ascertainment as declared by the

defendant his acts would be controlled by the courts in accordance with the facts. ▮ In this connection the plaintiff contends said statute is invalid because it does not contain express words to the effect that if the ascertainments made by the defendant are arbitrary a writ of *mandamus* will issue to control his acts. But it has never been held that all laws must be contained, or references thereto made, in one statute. It is sufficient that a remedy exists whether it is expressed in the statute expressing the power or in another statute. (*Matter of Application of Schuler,* 167 Cal. 282, 292 [139 Pac. 685, Ann. Cas. 1915C, 706] ; *Porter* v. *Investors' Syndicate,* 286 U. S. 461, 468 [52 Sup. Ct. 617, 76 L. Ed. 1226] ; *Upton* v. *Felton,* 5 Fed. Supp. 585, 588.) In the case last cited it is said: ''The Nebraska law here in question is in no way lacking in due process through its failure to provide specifically for machinery to test its own validity and the validity of action taken under it. The language of the West Virginia court in *Lemon* v. *Rumsey, State Entomologist et al.,* 108 W. Va. 242 [150 S. E. 725, 726], is applicable here also. The court there said: 'The Virginia act provides for an appeal to the circuit court by the landowner from the order of the state entomologist requiring the destruction of cedar trees. The West Virginia statute has no such provision. Counsel for plaintiff contend that lack of such a provision clearly differentiates our statute from that of Virginia, and deprives a landowner of his property without a judicial hearing. Counsel overlook a fact which our legislature undoubtedly had in mind, that courts of equity are always open to prevent an unwarranted invasion of property rights, such as might arise under this act. Witness this very proceeding. Why, then, provide a forum, when one already exists?' '' ▮ Finally, it is claimed that the restrictions imposed under sections 20a to 20*l* of the Real Estate Act are not justifiable as an exercise of the police power. That claim does not present an open question. It has been decided adversely to the claim of the plaintiff. (*In re Sidebotham,* 12 Cal. (2d) 434 [85 Pac. (2d) 453].)

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.