[Civ. No. 30364.   Second Dist., Div. Four.   June 29, 1966.]

ALBERT B. TIEBERG, as Director, etc., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; CALIFORNIA UNEMPLOYMENT INSURANCE APPEALS BOARD et al., Real Parties in Interest.

Thomas C. Lynch, Attorney General, and Herschel T. Elkins, Deputy Attorney General, for Petitioner.

Selvin & Cohen and Paul Selvin as Amici Curiae on behalf of Petitioner.

No appearance for Respondent.

Jack D. Clevenger, Kaplan, Livingston, Goodwin & Berkowitz and Sol Rosenthal for Real Parties in Interest.

CHANTRY, J. pro tem.*—The Director of the Department of Employment of the State of California seeks a writ of mandate to compel the Superior Court of Los Angeles County to hear and decide, on its merits, his petition for a writ of mandate by which he seeks a review of a decision of the California Unemployment Insurance Appeals Board.

The sole question presented is whether the director, who is the executive officer of the Department of Employment, has the capacity, power or authority to seek judicial review of an order of the appeals board, which is a division of said department.

Pursuant to the provisions of the Unemployment Insurance Code, sections 1126 et seq.,[1] the director levied an unemployment insurance assessment on Lassie Television, the predecessor of Wrather Corporation (hereinafter referred to as "Wrather"), alleging that the relationship between the corporation and the free-lance television writers writing its television dramas was an "employment" relationship within the meaning of the Unemployment Insurance Code. Like assessments were levied on Filmaster, Inc. Each company petitioned for a review. The two hearings were held at different times, before different referees, with the result that the assessment as to Wrather was affirmed and the assessment as to Filmaster, Inc., was reversed. The department appealed to

---

*Assigned by the Chairman of the Judicial Council.

[1] All references will be to the Unemployment Insurance Code unless otherwise specified.

the Unemployment Insurance Appeals Board from the latter decision, and Wrather appealed from the former.

The appeals board determined that the television writers were independent contractors and not employees within the meaning of the code, and held that the corporations were not liable for the unemployment contribution assessments levied by the director. The director then filed his petition for a writ of mandate in the respondent court seeking a review of the decision of the appeals board. Real parties in interest, in opposition to the issuance of the writ, objected to the jurisdiction of the court to hear the matter, alleging that the director had no power or authority to petition for a writ against said appeals board.

On February 3, 1966, respondent court issued a minute order sustaining said objections and expressed its intention to dismiss the proceeding. It is stated in said minute order, *inter alia*, that "No Statute provides for nor grants to the Director power or authority or jurisdiction to appeal from or otherwise review by instituting and maintaining Petition for Writ of Mandate or otherwise the tax decisions of the Appeals Board. The Director is not an aggrieved party under the tax decisions of the Appeals Board. . . . Petitioner Director has no capacity to institute or maintain the Petition, and therefore this Court has no jurisdiction of or over the Petition."

The director has applied to this court for a writ of mandate. We issued an alternative writ and the matter was heard and is here on briefs of counsel, together with an amicus curiae brief of Writers Guild of America, West, Inc., in support of the position of petitioner. Although the within proceeding arises out of a dispute as to whether free-lance television writers are employees or independent contractors, the merits of the controversy are not before us and we are concerned only with a procedural question. A proper determination of the question involved requires a consideration of the provisions of the Unemployment Insurance Code concerning the administration of the unemployment insurance program, and the statutory provisions relating to the assessment of an employing unit for contributions to the unemployment fund.

The program is administered by the Director of Employment who is an executive officer of the Department of Employment. (§ 301.) The director is appointed by the Governor, subject to the approval of the Senate, and serves as director at the pleasure of the Governor. (§ 302.) Within the department is the appeals division (§ 313), which includes the appeals

board and its clerical staff and assistants and the referees and their supervisors and clerical staff and assistants (§ 315). The appeals board consists of three members appointed by the Governor, subject to the approval of the Senate (§ 401), and all personnel of the appeals board are appointed, directed and controlled by said board, or its authorized deputies or agents (§ 403). Section 403 also provides that "Operations of the Appeals Division shall be subject to the same fiscal controls and audits by the director as other subdivisions of the department. The director shall furnish the equipment, supplies, housing and nonpersonal and housekeeping services necessary to the operations of the Appeals Division and shall perform such other mechanics of administration as the Appeals Board and the director may agree upon."

Sections 1126 to 1140 contain the procedural provisions relating to assessments. If any employing unit fails to make the required return, the director must assess contributions on the basis of estimates from available information (§ 1126). The director is required to give the employer written notice of any assessment (§ 1131). Any such employer may file with the referee a petition for reassessment within 30 days after notice of the assessment or within an additional 30-day period granted for good cause, otherwise the assessment becomes final (§ 1133). The initial assessment is reviewed by the referee who, on request, must grant a hearing if no hearing has yet been held. The referee may increase or decrease the assessment and notify the petitioner and the director. (§ 1134, subd. (a).) The petitioner or the director may appeal to the appeals board from the referee's order within 30 days or a longer period granted for good cause. If a timely appeal is not taken, the decision of the referee becomes final. (§ 1134, subd. (b).) The appeals board may increase or decrease the assessment. The order or decision of the appeals board, as well as the assessment (with an exception not pertinent to our case) becomes final 30 days after notice to petitioner. (§ 1134, subd. (c).)

If the ruling of the appeals board is *adverse* to the employing unit, judicial review by way of a mandamus proceeding in the superior court is unavailable to the employer, since the effect of such a proceeding would be to restrain the collection of a contribution, contrary to the provisions of section 1851,[2]

---

[2]Section 1851: "No injunction or writ of mandate or other legal or equitable process shall issue in any suit, action or proceeding, in any court against this State or against any officer thereof to prevent or enjoin the collection of any contribution sought to be collected under this division."

and ''the remedy of suit to recover taxes paid has expressly been made the exclusive means of obtaining a judicial review of the legality of the assessment.'' (*Modern Barber Colleges, Inc.* v. *California Emp. Stab. Com.*, 31 Cal.2d 720, 724 [192 P.2d 916]; see also *Jillson* v. *Board of Supervisors*, 221 Cal. App.2d 192, 194-195 [34 Cal.Rptr. 419].) The statutory provisions require the employing unit to pay the amount of the contributions, penalties and interest assessed, then file with the director a timely claim for refund. If the claim is denied by the director, the claimant may petition to a referee for a review, from whose decision the claimant or the director may file an appeal to the appeals board. (§§ 1178-1180.) Within 90 days after mailing of notice of the decision, the claimant may bring an action against the director on the grounds set forth in the claim in a court of competent jurisdiction in the County of Sacramento for recovery of the whole or any part of the amount with respect to which the claim was denied. No such suit may be maintained unless a claim for refund or credit has been filed. (§ 1182.) An action brought pursuant to this section is not a review of the administrative order, but ''is a statutory action for the purpose of obtaining a judicial determination upon the question of tax liability'' in which the trial court is not bound by administrative determinations. (*Briggs* v. *California Emp. Com.*, 28 Cal.2d 50, 55 [168 P.2d 696]; see also *Empire Star Mines Co.* v. *California Emp. Com.*, 28 Cal.2d 33, 46-48 [168 P.2d 686].) In other words, the *employing unit* is provided a further (and exclusive) administrative remedy which must be exhausted. The problem before us concerns the remedy of the director when the decision of the appeals board is in favor of the employing unit.

The code provides various remedies to the director with regard to the collection of contributions. Within stated time limits he may file for record a certificate specifying the amount of contributions, interest and penalties due, and from the time of such filing the amount required to be paid constitutes a lien upon all real property in the county owned by the employing unit (§ 1703); the director may issue a warrant for the enforcement of any liens and for the collection of any amount required to be paid, which warrant shall have the same effect as a writ of execution (§ 1785); he may file in the office of the County Clerk of Sacramento County, or with the county clerk of the county in which the employer has his principal place of business, a certificate specifying the amount due, and request that judgment be entered against the employer in the

amount set forth in the certificate, and the county clerk immediately upon the filing of the certificate shall enter a judgment for the state against the employer (§§ 1815, 1816); the right of the director to use the summary judgment procedure "shall be in addition to any other collection procedure contained in this division. No action taken by the director shall be construed to be an election to pursue the summary judgment procedure to the exclusion of any other collection procedure in this division." (§ 1818.) Finally, it is provided in section 1852 that "In addition to any other collection procedures authorized in this division, the director may bring an action in the courts of this or any other state or of the United States, in the name of the State of California, to collect the amount of any delinquent employer or worker contributions together with penalties and interest." Such a "civil action" is independent of any previous hearing by the board. (See *California Emp. Com.* v. *Sutton*, 69 Cal.App.2d 181 [158 P.2d 949].)

It therefore appears that the code provides for cumulative methods of collecting and enforcing collections of contributions, interest and penalties imposed under the act. The question is whether, because of these statutory remedies, the director is precluded from initiating the present mandate proceeding. From the record before us it would appear that the director did not pursue any of the stated remedies. However, the employer initiated proceedings protesting the assessments, pursuant to the provisions of section 1126 et seq., and the statutory administrative procedures were followed and exhausted under these sections. ██ The unemployment insurance act does not specifically provide for judicial review by the director from the decision of the appeals board in such proceedings. This fact, however, would not necessarily preclude such review. (Cf. *Bodinson Mfg. Co.* v. *California Emp. Com.*, 17 Cal.2d 321, 324, 325 [109 P.2d 935].) "[I]t has never been held that all laws must be contained, or references thereto made, in one statute. It is sufficient that a remedy exists whether it is expressed in the statute expressing the power or in another statute." (*Cowell* v. *Clark*, 37 Cal.App.2d 255, 260 [99 P.2d 594].)

Section 311 provides that "The director and his authorized representatives in the enforcement of the division shall have all the powers of a head of a department as set forth in Article 2, of Chapter 2, Part 1, Division 3, Title 2 of the Government Code." Section 11180 of the Government Code provides: "The head of each department may make investigations and

prosecute actions concerning: (a) All matters relating to the business activities and subjects under the jurisdiction of the department. (b) Violations of any law or rule or order of the department. (c) Such other matters as may be provided by law.''

In the proceedings before the appeals board, the only parties were the director and the two television producers. ■ The statutes specifically allow the director to appear as a party and to appeal as a party before the administrative bodies. We think this is a recognition that the director has an interest which is proper to be determined in the proceedings. ■ The writ of mandate is available to review proceedings by a ''party beneficially interested,'' If not prohibited by some other provision of law, where there is no other plain, speedy and adequate remedy. (Code Civ. Proc., §§ 1084-1097.) In *Bodinson Mfg. Co.* v. *California Emp. Com., supra,* 17 Cal.2d 321, 330, the court states: ''We are aware of no authority which holds that a person permitted by statute to participate as an interested party in the administrative hearings and to take appeals at the administrative level is, nevertheless, without a sufficient interest in the result to test the legality of the final decision before a court of law. Indeed, it seems to us that elemental principles of justice require that parties to the administrative proceeding be permitted to retain their status as such throughout the final judicial review by a court of law, for the fundamental issues in litigation remain essentially the same.''

It is the duty of the director to assess and collect contributions from every ''employer'' as defined in the code and to administer the unemployment insurance program in a manner which will promote the declared state policy. The maintenance of a proper unemployment insurance fund is for ''the public good and the general welfare of the citizens of the State.'' (§ 100.) ■ As administrator thereof, the director is beneficially interested in the proceedings and has a direct interest in the decision of the appeals board. If that decision is contrary to law, it is clearly adverse to the public interests, and where said decision is in favor of the employing units, there is no one except the director to challenge the same.

■ The appeals board is a statewide administrative agency created by statute and as such does not have constitutional authority to make final determinations which would have the effect of extinguishing or taking away existing property rights. (*Thomas* v. *California Emp. Stab. Com.,* 39

Cal.2d 501, 504 [247 P.2d 561].) We cannot equate the interest of the director with the property right of an employer[3] or employee,[4] which right may not be taken away by an administrative order without giving the person so deprived the opportunity of having the finality of such action passed upon by a court. However, it is our opinion that the director, in his official capacity, has a sufficient interest in the administrative proceedings to justify the instant review by way of mandamus, and that he has the implied authority to challenge the decision of the appeals board which directly affects his administration of the fund and the unemployment insurance program; that this is a power necessarily or fairly implied in or incident to the powers expressly granted, and indispensable to the fulfillment of the declared purposes of the act.[5]

Let the peremptory writ issue as prayed.

Files, P. J., and Kingsley, J., concurred.

[3]*Bodinson Mfg. Co.* v. *California Emp. Com., supra,* 17 Cal.2d 321, 330; *Chrysler Corp.* v. *California Emp. Stab. Com.,* 116 Cal.App.2d 8, 14-15]; *California Portland Cement Co.* v. *California Unemp. Ins. Appeals Board,* 178 Cal.App.2d 263, 269 [3 Cal.Rptr. 37]; *Sears, Roebuck & Co.* v. *Walls,* 178 Cal.App.2d 284, 288 [2 Cal.Rptr. 847].)

[4]*Thomas* v. *California Emp. Stab. Com.,* 39 Cal.2d 501, 504 [247 P.2d 561].

[5]Compare *Powell* v. *California Dept. of Emp.,* 63 Cal.2d 103 [45 Cal. Rptr. 136, 403 P.2d 392], in which the department joined with petitioners, claimants for unemployment insurance benefits, both in the trial court and on appeal, in opposing its initial determination and in opposition to the appeals board.