[No. D033285. Fourth Dist., Div. One. Mar. 21, 2000.]

HUNT BUILDING CORPORATION, Plaintiff and Respondent, v.
MICHAEL S. BERNICK, as Director, etc., Defendant and Appellant.

**COUNSEL**

Bill Lockyer, Attorney General, Gregory S. Price and Leslie Branman Smith, Deputy Attorneys General, for Defendant and Appellant.

Radford & Gregory and Michael J. Radford for Plaintiff and Respondent.

## OPINION

**NARES, J.**—Hunt Building Corporation (Hunt) sued Ray Remy, former Director of the California Employment Development Department (EDD), to recover an assessment for contributions to unemployment insurance, disability insurance and employment training, as well as personal income tax withholding, for work performed on federal land by unlicensed subcontractors engaged by Hunt. The trial court entered judgment for Hunt, requiring EDD to refund $38,714.28 plus prejudgment interest.

EDD appeals. We hold the United States Congress has expressly deferred to state unemployment compensation laws regarding contracting services performed on federal land, allowing states to apply those laws to the same extent as if the work had not been performed on federal land. We further hold unlicensed subcontractors and their employees are deemed statutory employees of a general contractor pursuant to Unemployment Insurance Code[1] sections 621.5 and 13004.5. We conclude EDD may properly assess a general contractor for unpaid contributions and tax withholding for the employees of unlicensed subcontractors for services performed on federal land. Accordingly, we reverse the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

The facts are undisputed. From October 1989 to September 1991, Hunt was a general contractor performing construction work for the United States government on federal military installations in California (federal projects).

Hunt was a Texas corporation and also a licensed California building contractor. Hunt engaged three subcontractors that were not licensed in California (collectively Unlicensed Subcontractors) to perform work on the federal projects. Unlicensed Subcontractors failed to file state quarterly returns for contributions to unemployment insurance, disability insurance and employment training; one of the Unlicensed Subcontractors failed to file state quarterly returns for personal income tax withholding.

EDD assessed Hunt for the Unlicensed Subcontractors' unpaid contributions and withholding taxes. Hunt paid the disputed contributions and taxes, contested the assessment and unsuccessfully sought refund before the California Unemployment Insurance Appeals Board. Hunt subsequently filed its superior court complaint for refund. The trial court determined that Unlicensed Subcontractors were not required to obtain California contractors'

---

[1]All statutory references are to the Unemployment Insurance Code unless otherwise specified.

licenses in order to work on federal land. The court further determined that sections 621.5 and 13004.5, incorporating the presumption of employee status contained in Labor Code section 2750.5, "did not apply to the federal contracts out of which the assessment arose." The court entered judgment for Hunt, ordering EDD to refund $38,714.28 plus prejudgment interest.

## DISCUSSION

■ The interpretation and application of taxing statutes to undisputed facts presents a pure question of law subject to independent review. (*Engs Motor Truck Co. v. State Bd. of Equalization* (1987) 189 Cal.App.3d 1458, 1464 [235 Cal.Rptr. 117].) ■ Our state's Supreme Court recently reviewed the principles guiding statutory construction: " 'In construing statutes, we must determine and effectuate legislative intent.' [Citation.] 'To ascertain intent, we look first to the words of the statutes' [citation], 'giving them their usual and ordinary meaning' [citation]. If there is no ambiguity in the language of the statute, 'then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs.' [Citation.] 'Where the statute is clear, courts will not "interpret away clear language in favor of an ambiguity that does not exist." [Citation.]' [Citation.]" (*Lennane v. Franchise Tax Bd.* (1994) 9 Cal.4th 263, 268 [36 Cal.Rptr.2d 563, 885 P.2d 976].)

Before determining whether EDD may properly assess Hunt for contributions and taxes not withheld or paid by Unlicensed Subcontractors, we briefly summarize (1) the purpose of the Contractors' State License Law (Bus. & Prof. Code, § 7000 et seq.), (2) preemption of state licensing requirements for contracting services performed on federal land, (3) the purpose of the Unemployment Insurance Code, and (4) statutory presumptions affecting employee or independent contractor status that ultimately determine liability for contributions and tax withholding under the Unemployment Insurance Code.

### A. Contractors' State License Law

■ The Contractors' State License Law, contained in Business and Professions Code section 7000 et seq., governs the contracting business in California and reflects a strong public policy of protecting the public from dishonest and incompetent contracting services. (*Hydrotech Systems, Ltd. v. Oasis Waterpark* (1991) 52 Cal.3d 988, 995 [277 Cal.Rptr. 517, 803 P.2d 370].) "The licensing requirements provide minimal assurance that all persons offering [contracting] services in California have the requisite skill and character, understand applicable local laws and codes, and know the rudiments of administering a contracting business. [Citations.]" (*Ibid.*)

In order to obtain a California contractor's license, an applicant must possess general knowledge of our state's building, safety, health and lien laws (Bus. & Prof. Code, § 7068), have good character (Bus. & Prof. Code, § 7069), show financial solvency (Bus. & Prof. Code, § 7067.5) and post a contractor's bond (Bus. & Prof. Code, § 7071.6). (See *Rinaldi v. Workers' Comp. Appeals Bd.* (1988) 199 Cal.App.3d 217, 225 [244 Cal.Rptr. 637].) It is a misdemeanor to engage in the contracting business without a license. (Bus. & Prof. Code, § 7028.)

### B. *Federal Law Preempts State Licensing Law*

■ There are limited situations where the provisions of our Contractors' State License Law do not apply to contracting services performed within California. More than 40 years ago, the United States Supreme Court in *Leslie Miller, Inc. v. Arkansas* (1956) 352 U.S. 187, 189-190 [77 S.Ct. 257, 258-259, 1 L.Ed.2d 231] (*Leslie Miller*) determined that a state may not impose its contractor's licensing requirements on work performed on federal property. The *Leslie Miller* court noted that the federal government, pursuant to federal statutes and regulations, had a means for determining whether a prospective contractor was a "responsible bidder." (*Id.* at pp. 188-189 [77 S.Ct. at pp. 258-259].) The court observed that "[s]ubjecting a federal contractor to [a state's] license requirements would give [a state's] licensing board a virtual power of review over the federal determination of 'responsibility' and would thus frustrate the expressed federal policy of selecting the lowest responsible bidder." (*Id.* at p. 190 [77 S.Ct. at pp. 258-259].) Because state licensing requirements interfered with the federal government's selection of contractors and conflicted with federal laws enacted to ensure the reliability of those contracting with the federal government, the *Leslie Miller* court concluded that state licensing requirements for contractors were preempted and did not apply to work and services performed on federal property. (*Ibid.*)

More recently, the Ninth Circuit Court of Appeals in *Gartrell Const. Inc. v. Aubry* (9th Cir. 1991) 940 F.2d 437, 438 (*Gartrell*) considered our state's attempt to impose civil penalties against a contractor for failure to obtain a California contractor license before performing contracting services on federal land. The *Gartrell* court determined contractors are exempt from state licensing requirements for services performed on federal property, and therefore California could not impose civil penalties against a contractor for failure to obtain a California contractor's license for work performed on federal property. (*Id.* at p. 440.)

### C. *Unemployment Insurance Code*

The purpose of our state's Unemployment Insurance Code is to provide benefits to persons who are unemployed through no fault of their own,

thereby reducing the suffering caused by involuntary unemployment. (§ 100; *Perales v. Department of Human Resources Dev.* (1973) 32 Cal.App.3d 332, 336 [108 Cal.Rptr. 167]; *California Comp. Ins. Co. v. Ind. Acc. Com.* (1954) 128 Cal.App.2d 797 [276 P.2d 148, 277 P.2d 442], 805, disapproved on another point in *Pacific Employers Ins. Co. v. Industrial Acc. Com.* (1959) 52 Cal.2d 417, 422 [340 P.2d 622].) The Unemployment Insurance Code also provides disability benefits to compensate eligible persons for unemployment caused by injury or sickness. (§ 2625.)

To finance state unemployment and disability benefits, California requires contributions from both employers and employees. Generally, employers must annually contribute to the unemployment fund based on wages paid to their employees.[2] (§ 976.) Employees contribute to the disability fund based on wages received; however, employers must withhold the employees' contributions from their wages. (§§ 984, 986-987, 2901.) ■ "The taxing sections of the [Unemployment Insurance Code] are entirely separate from those concerning benefits, and . . . the provisions fixing liability for payments to the fund are to be considered accordingly." (*Empire Star Mines Co. v. Cal. Emp. Com.* (1946) 28 Cal.2d 33, 43 [168 P.2d 686] (*Empire*), disapproved on another point in *People v. Sims* (1982) 32 Cal.3d 468, 479-480, fn. 8 [186 Cal.Rptr. 77, 651 P.2d 321].)

The employer/employee relationship determines who must make contributions to the unemployment and disability funds. (*Empire, supra,* 28 Cal.2d at p. 43.) Where an employee performs services for an employer, the employer is required to make contributions and withhold taxes; where an independent contractor performs services for a principal, the principal is not required to withhold taxes or make contributions. (*Ibid.*)

D. *Presumption Affecting Employee or Independent Contractor Status for Purposes of the Unemployment Insurance Code*

Statutory definitions and presumptions determine whether the relationship between a general contractor and a subcontractor is employer/employee or principal/independent contractor. Section 621.5 defines employee in the context of the contracting business for purposes of determining unemployment insurance coverage: "(a) 'Employee' . . . means any individual who is an employee, pursuant to Section 2750.5 of the Labor Code, of a person who holds a valid state contractor's license pursuant to [the Contractors' State License Law]. [¶] (b) When subdivision (a) does not apply, 'employee' shall also mean any individual who is an employee, pursuant to Section 2750.5 of

---

[2]Similarly, employers contribute to the Employment Training Fund based upon their employees' wages. (§ 976.6.)

the Labor Code, of a person who is required to obtain a valid state contractor's license pursuant to [the Contractors' State License Law]." Section 13004.5 provides an identical definition of employee for purposes of determining whether taxes must be withheld from wages.

Labor Code section 2750.5 sets forth a statutory presumption as to whether a person or entity is an employee or independent contractor. The statute provides: ". . . a rebuttable presumption affecting the burden of proof that a worker performing services *for which a license is required* pursuant to [the Contractors' State License Law], or who is performing such services for a person who is required to obtain such a license is an employee rather than an independent contractor." (Lab. Code, § 2750.5, italics added.) After stating three factors for proving independent contract status, the penultimate paragraph of the statute mandates ". . . any person performing any function or activity *for which a license is required* pursuant to [the Contractors' State License Law] shall hold a valid contractors' license *as a condition* of having independent contractor status." (Lab. Code, § 2750.5, italics added.) ■ Pursuant to the plain language of Labor Code section 2750.5, an unlicensed subcontractor may not be an independent contractor but is instead deemed a statutory employee of the general contractor. (*State Compensation Ins. Fund v. Workers' Comp. Appeals Bd.* (1985) 40 Cal.3d 5, 15 [219 Cal.Rptr. 13, 706 P.2d 1146].)

Labor Code section 2750.5 operates to conclusively determine that a general contractor is the employer of not only its unlicensed subcontractors but also those employed by the unlicensed subcontractors. (*Neighbours v. Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 328 [265 Cal.Rptr. 788] (*Neighbours*); *Nick Hagopian Drywall v. Workers' Comp. Appeals Bd.* (1988) 204 Cal.App.3d 767, 771-772 [251 Cal.Rptr. 455]; *Rinaldi v. Workers' Comp. Appeals Bd., supra,* 199 Cal.App.3d at pp. 226-227; *Blew v. Horner* (1986) 187 Cal.App.3d 1380, 1384, 1390 [232 Cal.Rptr. 660]; but see *Furtado v. Schriefer* (1991) 228 Cal.App.3d 1608, 1616-1617 [280 Cal.Rptr. 16] [statutory employee presumption found in Lab. Code, § 2750.5 supplements but does not override the statutory definitions of employee and independent contractor].) Thus, where a "subcontractor is unlicensed, workers' compensation liability for the subcontractor's employees will be imposed on the general contractor as a matter of law." (*Rinaldi v. Workers' Comp. Appeals Bd.* (1987) 196 Cal.App.3d 571, 574 [242 Cal.Rptr. 895].) Similarly, a general contractor is liable to EDD for unpaid contributions and withholding taxes for its unlicensed subcontractor's employees. (See *Neighbours, supra,* 217 Cal.App.3d at p. 328; *Tieberg v. Superior Court* (1966) 243 Cal.App.2d 277, 280 [52 Cal.Rptr. 33].)

## E. *Federal Law Does Not Preempt California's Presumption of Employee Status Incorporated into the Unemployment Insurance Code*

 Here, the parties concede that *if* the presumption of Labor Code section 2750.5 applies to services performed on federal land, (1) Unlicensed Subcontractors and their employees would be Hunt's statutory employees, and (2) Hunt would be liable for Unlicensed Subcontractors' unpaid contributions and withholdings. Hunt contends the language of Labor Code section 2750.5 limits application of the presumption to only those situations where either the general contractor or its subcontractor is "performing services for which a license is required." (Lab. Code, § 2750.5.) Because no state license is required for contracting work performed on federal land pursuant to *Leslie Miller* and *Gartrell*, Hunt claims the employee status presumption, contained in Labor Code section 2750.5 and incorporated into Unemployment Insurance Code sections 621.5 and 13004.5, does not apply. We reject Hunt's contention.

Title 26 United States Code section 3305(d) provides: "No person shall be relieved from compliance with a State unemployment compensation law on the ground that services were performed on land or premises owned, held, or possessed by the United States, and any State shall have full jurisdiction and power to enforce the provisions of such law *to the same extent and with the same effect as though such place were not owned, held, or possessed by the United States.*" (Italics added.) This statute shows Congress's unequivocal deferral to state unemployment compensation laws in cases where contracting services are performed on federal land. (See *West River Elec. v. Black Hills Power and Light Co.* (8th Cir. 1990) 918 F.2d 713, 719.) The plain meaning of the language contained in title 26 United States Code section 3305(d), specifically permits California to enforce its unemployment compensation laws where services were performed on federal land "to the same extent and with the same effect" as though the services had *not* been performed on federal land.

For the limited purpose of applying the Unemployment Insurance Code, in particular its provisions defining an employer/employee relationship to determine employer liability for tax withholding and contributions to the unemployment and disability funds, we apply the California statutes with the same effect and to the same extent as though the work had not been performed on federal land. If Hunt, Unlicensed Subcontractors, and their employees had performed their services on land in California *not owned* by the federal government, they would have been required to hold California contractors' licenses. (See Bus. & Prof. Code, §§ 7026, 7028; *Hydrotech Systems, Ltd. v. Oasis Waterpark, supra,* 52 Cal.3d at p. 995.) Therefore, the presumption of Labor Code section 2750.5 applies to Hunt, and Hunt is

deemed the statutory employer of Unlicensed Subcontractors and their employees. (See *Neighbours, supra,* 217 Cal.App.3d at p. 328.) Pursuant to Unemployment Insurance Code sections 621.5 and 13004.5, which incorporate the presumption of employee status contained in Labor Code section 2750.5, Hunt is the statutory employer and is liable for Unlicensed Subcontractors' and their employees' unpaid contributions and withholding taxes. (See §§ 987, 1176; see also *Tieberg v. Superior Court, supra,* 243 Cal.App.2d at p. 280.)

To the extent Hunt suggests that Unemployment Insurance Code sections 621.5 and 13004.5 and Labor Code section 2750.5 are too vague to be enforced against it, we reject that contention. Hunt would have us look only to federal cases for their holding that states may not impose their licensing requirements for work performed on federal land, but would have us ignore the plain language of 26 United States Code section 3305(d), the federal statute in which Congress expressed its deferral to state unemployment compensation laws, permitting California to enforce sections 621.5 and 13004.5 to the same extent and manner as if the services had been performed on land not owned by the federal government. Reading together sections 621.5 and 13004.5, Labor Code section 2750.5 and title 26 United States Code section 3305(d), here the standard is clear: a general contractor is the statutory employer of its unlicensed subcontractors and their employees for purposes of the Unemployment Insurance Code even where services are performed on land owned by the federal government.

We note that the enactment history of the federal and California statutes supports our conclusion. Our statutes defining "employee," which deem a general contractor to be the employer of its unlicensed subcontractors, were enacted *after* Congress had deferred to the states to enact and enforce unemployment compensation laws covering contracting services performed on federal property. Title 26 United States Code section 3305(d) was included in the 1954 revision to the Internal Revenue Code. The California Legislature enacted Labor Code section 2750.5 in 1978, almost a quarter of a century thereafter. The Assembly Committee on Labor, Employment and Consumer Affairs reported that the portion of the bill containing Labor Code section 2750.5 would "provide criteria for determining whether employers are avoiding payment of their social insurance tax obligations by treating their employees as independent contractors." (Assem. Com. on Labor, Employment & Consumer Affairs, Analysis of Assem. Bill No. 3249 (1977-1978 Reg. Sess.) p. 1 (Assembly Anaysis).) This committee further reported that the enactment of Labor Code section 2750.5 would help end the "subterranean economy" where contractors hire unlicensed subcontractors and pay them in cash, resulting in the "loss of large sums in taxes, employee social insurance contributions, and employee pension funds." (Assem. Analysis, *supra,* at p. 1.)

Section 621.5 of our Unemployment Insurance Code was enacted in 1982, specifically adopting the presumption contained in Labor Code section 2750.5 for purposes of defining "employees" for whom the general contractor must pay or withhold unemployment insurance, disability insurance and employee training taxes. Unemployment Insurance Code section 13004.5 was enacted in 1990, likewise adopting the employee presumption contained in Labor Code section 2750.5 for purposes of determining liability for tax withholding. Both sections 621.5 and 13004.5 further the intent and policy of Labor Code section 2750.5 of discouraging general contractors from hiring unlicensed subcontractors as "independent contractors" and then paying them in cash, resulting in a substantial loss of contributions to the unemployment and disability funds. Application of sections 621.5 and 13004.5 to contracting services performed on federal property furthers the important public policy of ensuring the financing of unemployment insurance, thereby providing a fund from which benefits may be paid to those who lose their employment through no fault of their own.

We stress that the presumption of employee status, contained in Labor Code section 2750.5 and incorporated into Unemployment Insurance Code sections 621.5 and 13004.5, does not require a contractor or subcontractor to obtain a state license in order to perform work on federal land. Instead, the relevant statutes as applied to the facts of this case merely provide who EDD may assess in the event an unlicensed subcontractor fails to pay unemployment insurance contributions or withhold taxes from employees' paychecks. Therefore, the presumption or employee status does not conflict with the principles articulated in *Leslie Miller* and *Gartrell*.

In light of Congress's specific deferral to states' unemployment insurance laws (26 U.S.C. § 3305(d)), we conclude that the presumption of employee status, contained in Labor Code section 2750.5 and incorporated by Unemployment Insurance Code sections 621.5 and 13004.5, applies to Hunt. Unlicensed Subcontractors are Hunt's statutory employees and EDD properly assessed Hunt for Unlicensed Subcontractors' unpaid contributions and withholding taxes.

### DISPOSITION

Judgment reversed. Respondent to bear costs on appeal.

Benke, Acting P. J., and Huffman, J., concurred.

Respondent's petition for review by the Supreme Court was denied July 12, 2000.