[No. E047501. Fourth Dist., Div. Two. June 29, 2009.]

SANDERS CONSTRUCTION COMPANY, INC., Plaintiff and Appellant, v. MARTIN CERDA, Defendant and Respondent.
[And five other cases.*]

*Sanders Construction Co., Inc. v. Cancino (No. CIVVS702741); Sanders Construction Co., Inc. v. Vargas (No. CIVVS702743); Sanders Construction Co., Inc. v. Peraza (No. CIVVS702745); Sanders Construction Co., Inc. v. Molina (No. CIVVS702751); Sanders Construction Co., Inc. v. Casteneda (No. CIVVS702753).

**COUNSEL**

Law Offices of Caryn Sanders and Caryn Brottman Sanders for Plaintiff and Appellant.

Law Offices of Jerry D. Underwood and Jerry D. Underwood for Defendant and Respondent.

OPINION

GAUT, J.—

## 1. Introduction[1]

After certification by the appellate division of the superior court, this court ordered the present appeal, six individual cases, which have been consolidated, transferred to it. (Cal. Rules of Court, rules 8.1002, 8.1005.) The respondents are six laborers who worked for an unlicensed drywall subcontractor, Humberto Figueroa Drywall Company (Humberto). Donald Sanders, doing business as Sanders Construction Company, Inc. (Sanders), was the general contractor. The issue is whether the employee of an unlicensed subcontractor may assert a wage claim against the general contactor.

## 2. Background

### a. Facts

The essential facts in this case are not disputed. Sanders was the general contractor on the construction of an Hesperia hotel. In June 2006, Sanders hired Humberto to install drywall for a contract price which included labor and materials. Between June and September, Sanders paid Humberto, who in turn was supposed to pay the workers.

Beginning in September 2006, the parties disagreed about the quality of the work and the payments made from Sanders to Humberto. After Sanders discovered that Humberto's license had expired before June 2006, Sanders continued to work with Humberto to complete the project. Because he was already paying Humberto, Sanders did not believe he was responsible for paying Humberto's workers.

Humberto stopped work on the project in January 2007. The workers all stopped in December 2006 or January 2007.

### b. Labor Commission Hearing

The respondents filed their wage claims against Sanders with the state Labor Commissioner, seeking wages, interest, and waiting time penalties. (§§ 98.1, 202 & 203.) In each instance, the hearing officer found that Humberto had told the claimants they would be paid by Sanders while Sanders considered Humberto responsible for paying the claimants.

---

[1] The statutory references are to the Labor Code unless stated otherwise.

The hearing officer cited the holding in *Hunt Building Corp. v. Bernick* (2000) 79 Cal.App.4th 213, 220 [93 Cal.Rptr.2d 883]: "Labor Code section 2750.5 operates to conclusively determine that a general contractor is the employer of not only its unlicensed subcontractors but also those employed by the unlicensed subcontractors." The hearing officer decided Sanders was the statutory employer of the workers employed by Humberto, entitling them to wages and interest. (§ 98.1, subd. (c).) The hearing officer declined to award waiting time penalties because he deemed there was a good faith dispute about whether Sanders was the employer.

In a separate wage claim, the hearing officer also determined that Humberto had misrepresented himself as a licensed contractor. The hearing officer dismissed Humberto's wage claim on the grounds Humberto was an unlicensed contractor, who was acting as an independent contractor, and the Labor Commissioner did not have jurisdiction over his claim. Humberto did not challenge the dismissal.

### c. Superior Court

Sanders filed appeals in the superior court, challenging the six awards by the Labor Commissioner for wages and interest. The superior court found in favor of respondents, adopting the reasoning of the Labor Commissioner. The superior court awarded respondents their wages, interest, and waiting time penalties. Like the hearing officer, the superior court relied on *Hunt* and its interpretation of section 2750.5.

Sanders appealed to the appellate division of the superior court, which issued an opinion in favor of respondents but modified the judgment to eliminate the waiting time penalties.

Sanders then applied for certification to the Court of Appeal to decide an important question of law as to whether a general contractor may be held liable for the unpaid wages of workers hired by an unlicensed subcontractor. In other words, by the operation of section 2750.5, are the unpaid workers of the unlicensed subcontractor the statutory employees of the general contractor?

### 3. Discussion

As recognized by the appellate division, an independent standard of review applies to a question of statutory interpretation. (*Chin v. Namvar* (2008) 166 Cal.App.4th 994, 1003 [83 Cal.Rptr.3d 294].)

Analysis of the issue before us involves the application and interpretation of several statutes. Of first consideration is section 2750.5 concerning employees and independent contractors, which provides in pertinent part:

"There is a rebuttable presumption affecting the burden of proof that a worker performing services for which a [contractors'] license is required . . . or who is performing such services for a person who is required to obtain such a license is an employee rather than an independent contractor. . . . [¶] . . . [¶]

". . . any person performing any function or activity for which a [contractors'] license is required . . . shall hold a valid contractors' license as a condition of having independent contractor status.

"For purposes of workers' compensation law, this presumption is a supplement to the existing statutory definitions of employee and independent contractor, and is not intended to lessen the coverage of employees under Division 4 and Division 5 [concerning workers' compensation (§ 3200 et seq.) and safety in employment (§ 6300 et seq.)]."

Two statutes of the Business and Professions Code also bear on the issue at hand. Business and Professions Code section 7031, subdivision (a), prohibits legal action by an unlicensed contractor: "(a) . . . no person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action, or recover in law or equity in any action, in any court of this state for the collection of compensation for the performance of any act or contract where a license is required by this chapter without alleging that he or she was a duly licensed contractor at all times during the performance of that act or contract, regardless of the merits of the cause of action brought by the person . . . ."

Business and Professions Code section 7053 limits the application of Business and Professions Code section 7031: ". . . this chapter does not apply to any person who engages in the activities herein regulated as an employee who receives wages as his or her sole compensation, does not customarily engage in an independently established business, and does not have the right to control or discretion as to the manner of performance so as to determine the final results of the work performed."

In the present case, as indicated by *Hunt*, the superior court applied section 2750.5 and concluded respondents were Sanders's statutory employees, obligating Sanders to pay their wages plus interest. *Hunt* offers the following analysis of section 2750.5: "Pursuant to the plain language of Labor Code section 2750.5, an unlicensed subcontractor may not be an independent contractor but is instead deemed a statutory employee of the general contractor. (*State Compensation Ins. Fund v. Workers' Comp. Appeals Bd.* (1985) 40 Cal.3d 5, 15 [219 Cal.Rptr. 13, 706 P.2d 1146].)

"Labor Code section 2750.5 operates to conclusively determine that a general contractor is the employer of not only its unlicensed subcontractors

but also those employed by the unlicensed subcontractors. (*Neighbours v. Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 328 [265 Cal.Rptr. 788] (*Neighbours*); *Nick Hagopian Drywall v. Workers' Comp. Appeals Bd.* (1988) 204 Cal.App.3d 767, 771–772 [251 Cal.Rptr. 455]; *Rinaldi v. Workers' Comp. Appeals Bd.* [(1988)] 199 Cal.App.3d [217,] 226–227 [244 Cal.Rptr. 637]; *Blew v. Horner* (1986) 187 Cal.App.3d 1380, 1384, 1390 [232 Cal.Rptr. 660]; but see *Furtado v. Schriefer* (1991) 228 Cal.App.3d 1608, 1616–1617 [280 Cal.Rptr. 16] [statutory employee presumption found in Lab. Code, § 2750.5 supplements but does not override the statutory definitions of employee and independent contractor].) Thus, where a 'subcontractor is unlicensed, workers' compensation liability for the subcontractor's employees will be imposed on the general contractor as a matter of law.' (*Rinaldi v. Workers' Comp. Appeals Bd.* (1987) 196 Cal.App.3d 571, 574 [242 Cal.Rptr. 895].) Similarly, a general contractor is liable to EDD for unpaid contributions and withholding taxes for its unlicensed subcontractor's employees. (See *Neighbours, supra,* 217 Cal.App.3d at p. 328; *Tieberg v. Superior Court* (1966) 243 Cal.App.2d 277, 280 [52 Cal.Rptr. 33].)" (*Hunt Building Corp. v. Bernick, supra,* 79 Cal.App.4th at p. 220.)

Sanders persistently argues that section 2750.5 only applies to cases involving workers' compensation and unemployment benefits. Sanders relies on the public policy considerations expressed in *Hunt*: "The California Legislature enacted Labor Code section 2750.5 in 1978 . . . . The Assembly Committee on Labor, Employment and Consumer Affairs reported that the portion of the bill containing Labor Code section 2750.5 would 'provide criteria for determining whether employers are avoiding payment of their social insurance tax obligations by treating their employees as independent contractors.' [Citation.] This committee further reported that the enactment of Labor Code section 2750.5 would help end the 'subterranean economy' where contractors hire unlicensed subcontractors and pay them in cash, resulting in the 'loss of large sums in taxes, employee social insurance contributions, and employee pension funds.' [Citation.]" (*Hunt Building Corp. v. Bernick, supra,* 79 Cal.App.4th at p. 222.) These same public policy considerations concerning the subterranean economy could apply in the present circumstances. For example, an unscrupulous general contractor could collude with an unlicensed subcontractor to cheat workers hired by the subcontractor out of their wages, plus all the related benefits.

Sanders also claims that in *Hunt* unemployment insurance contributions were "easily calculated based on the wages actually paid to the employees" presupposing "that the general contractor would be able to verify how much each employee was paid, in order to make any missing contribution." Sanders contends that, in the present case, the general contractor had no way to verify the wages claimed to be owed, had no right to control hours, rates of pay or

any other relevant factor. Therefore, Sanders would be prejudiced by not being able to verify respondents' wage claims.

The first point, however, does not necessarily lead to the second point. In *Hunt*, the court commented that contributions to the state unemployment fund and disability fund are based on wages. (*Hunt Building Corp. v. Bernick, supra*, 79 Cal.App.4th at p. 219.) The same uncertainties could exist about the amount of wages and other factors with respect to unemployment and disability contributions. Although we agree that one reason for section 2750.5 is to insure compensation for injured workers, we also recognize it is fundamental that workers be paid. We discern no meaningful distinction exists between being paid wages and receiving other benefits based on wages. In both instances, the same policy reasons militate against allowing a general contractor to escape liability for the obligations of an unlicensed subcontractor. Therefore, we reject this argument by Sanders.

Sanders's additional argument is that making respondents the statutory employees of Sanders contravenes Business and Professions Code section 7031, which prohibits an unlicensed contractor from recovering payment for services. Under section 7031, for example, Humberto was properly denied his wage claim. But Sanders advocates extending that prohibition to Humberto's employees.

Sanders's reliance on *Fillmore v. Irvine* (1983) 146 Cal.App.3d 649 [194 Cal.Rptr. 319] is misplaced because it is factually distinguishable. In *Fillmore*, the plaintiff was a drywall finisher who acted as an unlicensed independent contractor and hired other drywall workers. (*Id.* at pp. 652–654.) Like Humberto, the *Fillmore* plaintiff was not entitled to recover his wages under Business and Professions Code section 7031 or as a statutory employee under Labor Code section 2750.5.

■ Respondents in the present case were employees who did not act like unlicensed independent contractors. Business and Professions Code section 7053 explains that the prohibition of Business and Professions Code section 7031 does not apply to a person who receives wages as his sole compensation, who does not engage in an independent business, and who cannot control how the work is performed. The record offers no evidence that the six claimants were not employees as described under Business and Professions Code section 7053 and Sanders makes no such argument. Respondents were not required to be licensed as set forth in Business and Professions Code section 7031. Therefore, pursuant to Business and Professions Code section 7053, Business and Professions Code section 7031 does not prohibit the six claimants from suing for their wages.

## 4.  Disposition

We concur with the decision of the appellate division and affirm the judgment of the trial court. Respondents shall recover their costs on appeal.

McKinster, Acting P. J., and King, J., concurred.