**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZOOM ELECTRIC, INC., | No. 13-15441 |
| Petitioner, | D.C. No. 4:11-cv-01699-CW |
| and | |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 595; ET AL., | MEMORANDUM* |
| Counter-plaintiffs - Appellees, | |
| v. | |
| VEIKO HORAK; DOES, One through Ten, | |
| Counter-defendants, | |
| and | |
| B-SIDE, INC., | |
| Counter-cross-claimant-defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Claudia Wilken, Senior District Judge, Presiding

Argued and Submitted May 14, 2015
San Francisco, California

Before: PAEZ and CLIFTON, Circuit Judges, and DUFFY, District Judge.[**]

Appellant B-Side ("B-Side") appeals the district court's grant of summary judgment and attorneys' fees in favor of Appellees, a Union and related Trust Funds (the "Union"). B-Side is a general contractor who engaged an unlicensed subcontractor, Zoom Electric, Inc. ("ZEI"), on a public works project. In the course of the project, ZEI failed to hire Union labor and failed to pay certain benefits, in violation of the Project Labor Agreement ("PLA"). The Union successfully brought a claim against ZEI through the PLA's grievance arbitration procedure. B-Side was not named in the Union's grievance, but its representative attended the hearing before the Joint Administrative Committee ("JAC"). ZEI moved in district court to vacate the JAC award. In a cross-complaint, the Union added B-Side as a party before the district court. The district court determined that B-Side was vicariously liable for the amounts that ZEI owed to the Union, granted summary judgment and awarded attorneys' fees in favor of the Union. The district court had jurisdiction pursuant to 29 U.S.C. §§ 185 and 1132, and we have

_____

[**] The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.  For the reasons set forth herein, we affirm the judgment of the district court.

We review "de novo the district court's grant of summary judgment to determine whether, viewing all evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law."  *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008).

The primary question on appeal is whether California Labor Code section 2750.5 ("section 2750.5") applies to assign liability for the JAC award.[1]  If a subcontractor lacks a required license, section 2750.5's presumption that the general contractor is its employer is "conclusive."  *Cedillo v. Workers' Comp. App. Bd.*, 130 Cal. Rptr. 2d 581, 585 (Ct. App. 2003); *see also Ramirez v. Nelson*, 188 P.3d 659, 661 (Cal. 2008); *State Comp. Ins. Fund v. Workers' Comp. App. Bd.*, 706 P.2d 1146, 1153 (Cal. 1985).  Section 2750.5 thereby operates to impose liability on a general contractor for liabilities incurred by an unlicensed subcontractor, *see, e.g.*, *Hunt Bldg. Corp. v. Bernick*, 93 Cal. Rptr. 2d 883, 888 (Ct. App. 2000), and makes B-Side liable to the Union for the JAC award.

---

[1] B-Side purports to appeal a number of other district court rulings, but makes no argument about those rulings in its briefs, thereby waiving any challenge to those rulings.  *See Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 485 (9th Cir. 2010).

3

B-Side acknowledges that ZEI was required to have a license and did not have one, but argues that section 2750.5 applies to workers' compensation and tort claims only. B-Side's argument is undermined by the California appellate courts' interpretation of the statute.[2] *See Sanders Constr. Co. v. Cerda*, 95 Cal. Rptr. 3d 911, 913, 915 (Ct. App. 2009) (applying section 2750.5 against a general contractor for wages, interest, and penalties owed to six laborers employed by an unlicensed subcontractor); *Hunt*, 93 Cal. Rptr. 2d at 885, 888 (applying section 2750.5 to hold general contractor liable for the unlicensed subcontractor's unpaid benefits contributions and withholding taxes). Likewise, the policy rationales for section 2750.5, as explained by the California courts, support its application to B-Side in this case. *See Hunt*, 93 Cal. Rptr. 2d at 889-90 ("social insurance tax obligations" and "employee pension funds" are among the benefits to be protected by the statute).

Awards of attorneys' fees are reviewed for abuse of discretion. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000). "The district court's factual determinations will not be set aside absent clear error. Any element of legal

---

[2] In the absence of "convincing evidence that the state supreme court would decide the issue differently," we "look to the decisions of the intermediate state courts of appeal" in deciding questions of state law. *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 735 (9th Cir. 1986).

4

analysis which figures in the district court's decision is reviewed de novo." *Id.* (internal citations omitted).

B-Side fails to identify any abuse of discretion in the district court's fee award. First, B-Side's argument that the award was improper under California Labor Code section 218.5 is unpersuasive because the district court expressly declined to reach that fee-shifting provision. Second, B-Side's argument that it is not vicariously liable and that the Union is not a prevailing party fails because we affirm the district court's summary judgment ruling, and thus the Union remains the successful party under California Code of Civil Procedure section 1021.5. *See Tuthill v. City of San Buenaventura*, 167 Cal. Rptr. 3d 820, 831 (Ct. App. 2014). Third, B-Side's argument that the "special circumstances" doctrine should preclude a grant of fees against B-Side for the portion of litigation that predated the cross-complaint fails because B-Side sets forth no special circumstance that would place it within that narrow exception. *See Vasquez v. Rackauckas*, 734 F.3d 1025, 1055 (9th Cir. 2013).

Accordingly, the grant of summary judgment in favor of the Union and the award of attorneys' fees are **AFFIRMED**.